461 So.2d 263 (1984)
Jeanne Carter YOHN, a/K/a Jeanne Carter Lake, Appellant,
v.
STATE of Florida, Appellee.
No. 84-560.
District Court of Appeal of Florida, Second District.
December 28, 1984.
*264 Jerry Hill, Public Defender, and David Dwiggins, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant appeals her sentences imposed pursuant to the sentencing guidelines. Fla.R.Crim.P. 3.701.
In December 1981 the trial court placed defendant on probation for three years for the offense of grand theft. On November 15, 1983, an affidavit of violation of probation was filed against defendant. Thereafter, from December 1983 to January 1984, numerous informations were filed charging defendant with five counts of grand theft and two counts of obtaining property by worthless checks. Defendant pled nolo contendere to all the above charges and came before the court for adjudication and sentencing on March 8, 1984. The court adjudicated defendant guilty of all charges and sentenced her under the guidelines to concurrent two and one-half year terms of imprisonment.
Defendant argues that the scoresheet used by the court was computed incorrectly. This incorrect computation, defendant contends, resulted in a sentence in excess of the correct recommended guidelines range. We agree.
The trial court's completed guidelines scoresheet showed a total of thirty-eight points, which would have resulted in a sentence of community control or twelve to thirty months incarceration. Defendant contends, and the state agrees, that the total score should have been only thirty-four points. This would result in a sentence of "any non-state prison sanction." Thus, the court erred in sentencing defendant to concurrent two and one-half year terms of imprisonment.
The state argues that we should nevertheless affirm defendant's sentences, because the trial court intended to depart from the guidelines due to defendant's violation of probation. The record does not support this argument and, in fact, the judge even stated that "the [c]ourt does not intend to sentence her to the maximum, but intends to sentence her in accordance with the sentencing guidelines."
Finally, we note that the trial court applied a credit ranging from forty-three to 128 days against each of the defendant's sentences for the time she spent in county jail before sentencing. Defendant relies on Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984), and Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984), in arguing that the court should have awarded the maximum credit of 128 days against each sentence, since they were all to run concurrently. Contrary to the state's position, defendant can raise this point on direct appeal and is not limited to seeking correction through a motion for post-conviction relief under Florida Rule of Criminal *265 Procedure 3.850. Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982). Nevertheless, defendant's reliance on Blackwell and Martin is misplaced. Those cases are distinguishable in that each involved credit time against concurrent sentences resulting from incarceration on multiple charges. Here, however, defendant was charged at different times with a series of offenses for which she was incarcerated. See § 921.161(1), Fla. Stat. (1983). Cf. Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984); Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984); Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983), aff'd on other grounds, 456 So.2d 448 (Fla. 1984); Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).
Accordingly, we vacate defendant's sentence and remand for resentencing under the guidelines in effect on March 8, 1984, see Vileta v. State, 454 So.2d 792 (Fla. 2d DCA 1984), with her score to be computed in accordance with our opinion.
DANAHY and CAMPBELL, JJ., concur.