483 So.2d 111 (1986)
Timothy HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-774.
District Court of Appeal of Florida, Second District.
February 14, 1986.
*112 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
We reject defendant Timothy Harris's contention that the trial court erred in denying his motion to suppress evidence seized as a result of a warrantless search, as well as his argument that his concurrent sentences must be corrected so that each reflects the same pretrial confinement time. However, we agree that one of his sentences exceeds the statutory maximum and must be corrected.
Defendant was placed on probation in January 1983 for the offense of obstructing a police officer with violence. In April 1984, he was again placed on probation for burglary and attempted sexual battery.
In December 1984, defendant was charged with felony possession of marijuana, and as a result, he was charged with violation of probation. Defendant filed a motion to suppress the marijuana obtained from a search of his person. The trial court denied the motion. Thereafter he pled nolo contendere to all these charges, reserving the right to appeal the denial of his motion.
The trial court sentenced defendant to serve concurrent prison sentences of five years for the obstructing violation, seventeen years for each of the sexual battery and burglary counts, and five years for the possession conviction. The court awarded the following credit time for his pretrial incarceration: 263 days for the obstructing sentence, 296 days on each of the burglary and attempted sexual battery terms, and 60 days on the possession of marijuana conviction.
The defendant posits three grounds for his appeal. First, he argues that because his consent to a warrantless search by the police officers was merely submission to apparent authority, the trial court erred in denying his motion to suppress. We disagree.
One of the recognized exceptions to the warrant requirement in cases of search and seizure is a search conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). In Florida, the state must show voluntary consent by clear and convincing evidence. Norman v. State, 379 So.2d 643, 646 (Fla. 1980). A determination of voluntariness to a search is to be made from the totality of the circumstances. Norman at 646.
Here, the officers approached defendant in a public place, told him of their suspicions, read him his Miranda rights, and requested permission to search him. The defendant then gave his consent. We find no evidence in the record to indicate any resistance on the part of the defendant or any coercive actions or statements by the police which would indicate defendant's consent was anything but freely given. Accordingly, we find that the state met its burden of showing voluntary consent by clear and convincing evidence.
Next, defendant contends the court erred in failing to award credit time of 296 days for each concurrent sentence. He cites to Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984), wherein we held that a defendant *113 sentenced for multiple offenses is entitled to have his credit time applied to each sentence. See also Abbott v. State, 478 So.2d 885 (Fla. 2d DCA 1985); Vasquez v. State, 478 So.2d 76 (Fla. 1st DCA 1985).
Defendant's reliance on Martin is misplaced. Here, defendant served 296 days awaiting disposition of his burglary and sexual battery charges. Therefore, the court correctly awarded that credit time against the concurrent sentences for those offenses. However, defendant was charged and incarcerated at different times for the offenses of obstruction and possession for which he only served 263 and 60 days, respectively. Since defendant is only entitled to receive credit for the time actually served in jail prior to trial for the charge he is being sentenced for, he is not entitled to have the 296 days credited against the sentences imposed for obstruction and possession. See Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984).
Finally, defendant asserts that the court erred in sentencing him to a prison term beyond the statutory maximum for attempted sexual battery. Defendant received a seventeen-year sentence for attempted sexual battery with a deadly weapon, a second degree felony proscribed by sections 794.011(3) and 777.04(4)(b), Florida Statutes (1983). Section 775.082(3)(c), Florida Statutes (1983), states that a second degree felony is punishable by imprisonment for a term not exceeding fifteen years. Thus, we remand with directions that the trial court enter an amended sentence of fifteen years for the attempted sexual battery. Otherwise, we affirm defendant's convictions and sentences.
DANAHY and SCHOONOVER, JJ., concur.