PER CURIAM.
Nicholson seeks review of an order which denied his motion to have full jail time credited to both of his concurrent sentences. The trial court credited full jail time on one concurrent sentence, but applied no jail time credit to the other concurrent sentence. The issue on this appeal is whether Section 921.161(1), Florida Statutes[1] requires that a defendant shall be credited on each concurrent sentence with all of the time spent in the county jail awaiting sentence. We conclude that it does, and reverse the ruling of the trial court.
On January 18, 1985, Nicholson pled guilty to probation violations. Probation was revoked and Nicholson was sentenced to serve two years on each charge, the two-year sentences to run concurrently, but to run consecutively to the sentence he was then serving. Our examination of the sparse record in this case indicates that Nicholson was credited as to Case No. 83-5937 with seven months and three days credit for county jail time served, but no county jail time was credited to Case No. 83-5745. The sentence imposed in Case No. 83-5745 runs concurrently with the sentence imposed in Case No. 83-5937.
We find the issue in this appeal is controlled by the Florida Supreme Court’s decision in Daniels v. State, 491 So.2d 543 (Fla.1986). In Daniels the court held that “when, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time *1143 served.” (Emphasis in the original.) See also Vasquez v. State, 478 So.2d 76 (Fla. 1st DCA 1985); Kinney v. State, 458 So.2d 1191 (Fla. 2d DCA 1984).
Accordingly, the trial court’s order is reversed and remanded with directions to apply full jail-time credit to both concurrent sentences.
ERVIN, WENTWORTH and JOANOS, JJ., concur.

. s.921.161(1), Fla.Stat. (1983), provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentencing. The credit must be for a specified period of time and shall be provided for in the sentence.