493 So.2d 1077 (1986)
Peter H. WHITNEY, Appellant,
v.
STATE of Florida, Appellee.
No. BI-432.
District Court of Appeal of Florida, First District.
September 3, 1986.
Rehearing Denied October 2, 1986.
Paul R. Silverman and Nancy A. Wilkov, Gainesville, for appellant.
Jim Smith, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Whitney appeals from the denial of his motion to correct sentence filed pursuant to Rule 3.800(a), Fla.R.Crim.P. We affirm.
On 10 May 1983, Whitney was arrested on a charge of conspiracy to traffic in cocaine (Case No. 83-1399). He entered a plea of nolo contendere and received five years probation, conditioned on the service of one year in the Alachua County Adult Detention Center. He served 360 days of that time and was released to finish his probation.
On 26 February 1985, while still on probation, Whitney was arrested on another charge of conspiracy to traffic in cocaine (Case No. 85-518). On 1 March 1985, he was arrested for burglary of a dwelling; on 12 March, a charge of grand theft was added by information (Case No. 85-885). On 18 March, an affidavit of violation of probation was filed against him, and he was arrested therefor on 2 April 1985 (Case No. 83-1399).
On 17 June 1985, Whitney plead guilty in all three cases and was sentenced within the guidelines to 4 1/2 years incarceration on each count, sentences to run concurrently. He was given jail-time credit as follows: 111 days in Case No. 85-518; 109 days for burglary and 0 days for grand theft in Case No. 85-885; and 426 days in Case No. 83-1399. The latter figure consisted of the *1078 360 days served as a condition of probation, and 66 days served between the arrest for violation of probation and the date of sentencing. No appeal was filed.
On 22 August 1985, Whitney filed this pro se motion to correct sentence, alleging that, since his sentences ran concurrently, he was entitled to 426 days credit for time served on each case, instead of the minimum credit of 109 days with which he was then being credited. The trial court denied the motion without explanation.
The question of whether jail-time credit pursuant to Section 921.161(1), Florida Statutes, must be applied equally to all sentences imposed by the trial court when a defendant receives concurrent sentences on multiple charges was answered in the affirmative in Daniels v. State, 491 So.2d 543 (Fla. 1986). See also Vasquez v. State, 478 So.2d 76 (Fla. 1st DCA 1985) petition for review dismissed State v. Vasquez, 488 So.2d 831 (Fla. 1986); Nicholson v. State, 492 So.2d 1142 (Fla. 1st DCA 1986). However, we find that, under the circumstances of this case, Whitney is not entitled to have his jail-time credit applied equally to the concurrent sentences imposed below by the trial court.
In Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984), the defendant received three years probation in December 1981. She violated her probation in November 1983 and was charged with other crimes by numerous informations filed between December 1983 and January 1984. She was sentenced to 2 1/2 years on all charges to run concurrently, with jail-time credit ranging from 43 to 128 days. The defendant argued on appeal from these sentences that she should receive 128 days credit on all charges under Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984) and Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984). In affirming the sentences as imposed, the Yohn court distinguished those cases in that they involved credit against concurrent sentences resulting from incarceration on multiple charges. In Yohn, on the other hand, the defendant was charged at different times with a series of offenses for which she was incarcerated.
Similarly, in Harris v. State, 483 So.2d 111 (Fla. 2d DCA 1986), the defendant was placed on probation in January 1983 for obstructing an officer and again in April 1984 for burglary and attempted sexual battery. In December 1984, he was charged with possession of marijuana and violation of probation. He was sentenced to five years for obstruction, seventeen years each for burglary and attempted sexual battery and five years for possession, all to run concurrently. He received jail-time credit of 263 days, 296 days and 60 days, respectively.
On appeal, the defendant, relying on Martin and Vasquez, alleged that he should have received 296 days credit on each sentence. The court affirmed the sentences, stating that, while Martin required that 296 days credit be applied to the burglary and attempted sexual battery sentences, since that amount of time had been spent awaiting sentencing on both, defendant had been charged and incarcerated at different times with the other two crimes charged. Because he was only entitled to receive credit for the time actually served in jail prior to trial for the charge being sentenced for, he was not entitled to the 296 days credit served pre-sentencing on a different charge. Harris at 113, citing Yohn.
Similarly, Whitney did not spend the same time awaiting sentence on the offenses herein, although he was sentenced for all of them on the same date. He was arrested for different offenses on 26 February, 1 March, and 2 April 1985. Because we agree with Harris that he was only entitled to credit for the time actually served in jail prior to trial for the charge being sentenced for, the trial judge's calculation and assignment of credit was correct with one noted exception. Whitney served and was credited for 111 days pre-sentencing *1079 in Case No. 85-518 (26 February to 17 June 1985) and 426 days in Case No. 83-1399 (2 April to 17 June 1985 pre-sentencing and 360 days served as a condition of probation). However, our calculations reflect that Whitney served 108 days prior to sentencing on the burglary charge, Count I of Case No. 85-885 (1 March to 17 June 1985), not 109 days as reflected in written sentence. We also note that, despite the fact that Whitney spent the same period awaiting sentencing on the grand theft charge, Count II of Case No. 85-885, the trial court did not award any jail-time credit against the concurrent sentence for that charge. Under the circumstances of this case, however, the error is harmless.
We discern no conflict between the holding of this case and those of Daniels and Vasquez. While Daniels requires that a defendant receiving pre-sentence jail-time credit on a sentence that is to run concurrently with other sentences also receive that credit against those sentences, the opinion exempts from that holding a situation, as exists in this case, in which the defendant does not receive concurrent sentences on multiple charges. Daniels at 324.
Finally, Whitney's argument that the failure to grant maximum jail-time credit to all concurrent sentences in this case results in a violation of the sentencing guidelines is without merit. He was sentenced within the guidelines to 4 1/2 years incarceration. The only effect of a resolution of this appeal in Whitney's favor would be to reduce that sentence by 426 days; our affirmance effectively results in its reduction by 108 days. The sentence would not be increased beyond the guidelines recommendation in any case.
The case is remanded for correction of the error noted above, and the sentence is in all other respects affirmed.
WIGGINTON and NIMMONS, JJ., concur.