500 So.2d 592 (1986)
Randy Earl KEENE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2254.
District Court of Appeal of Florida, Second District.
December 12, 1986.
Randy Earl Keene, pro se.
Hardy O. Pickard, Asst. State Atty., Bartow, for appellee.
PER CURIAM.
Randy Keene appeals the summary denial of a motion for postconviction relief seeking correction of his sentences.
Keene was sentenced to concurrent terms of four years in each of seven different cases. He was awarded credit for time served on the basis of the presentence jail time actually served in each case. In his motion he claimed entitlement to credit on all of his sentences equivalent to the greatest amount of presentence time served for any one of them.[1] The court refused to grant the requested relief, citing Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984). The question presented by this appeal is whether Yohn was overruled sub silentio by the supreme court in Daniels v. State, 491 So.2d 543 (Fla. 1986).
In sentencing the defendant in Yohn, the court applied credit time ranging from 43 to 128 days against each of the defendant's seven sentences. Yohn contended that the court should have awarded the maximum credit of 128 days against each sentence, since they were all to run concurrently. This court rejected the argument because the "defendant was charged at different times with a series of offenses for which she was incarcerated." 461 So.2d at 265.
In Daniels the defendant was arrested on July 10, 1983, and held in jail on charges *593 of kidnapping, burglary, and attempted sexual battery. Because he was on probation for trespassing at the time of his arrest, a warrant was issued on July 25, 1983, for violation of probation. He was eventually convicted on the three felony charges, and his probation was revoked. At sentencing, the court imposed one year's imprisonment for trespassing with credit for time served. The court then imposed sentences of twenty-two years for kidnapping, five years for burglary, and five years for attempted sexual battery, each to be served concurrently with the others and with the trespassing sentence. However, the court did not credit any time served toward the sentences for the three felony offenses. The district court of appeal reversed, holding that because the sentences were concurrent the trial court had erred in failing to credit the time served toward all of the defendant's sentences. The supreme court approved the district court's opinion, holding that when "a defendant receives presentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served." 491 So.2d at 545. The court made no reference to the Yohn decision.
When applied to the instant case, the language of Daniels is susceptible of the interpretation that the maximum amount of credit time for any one sentence must be applied against all of the concurrent sentences. However, in Daniels, the defendant simply received credit on each sentence equivalent to the amount of presentence time actually spent in jail as a result of that particular offense. Since he spent the same presentence time in jail for all three felonies, he received credit for the period of time from July 10, 1983, to sentencing against the sentences for each of them. With respect to his sentence for trespassing, Daniels received credit for any time he spent in jail prior to being put on probation plus the time he spent in jail from July 25, 1983, to sentencing. The opinion does not state whether the credit on the trespassing charge exceeded that on the three felonies or whether the felony credits were greater than the credit against the trespass. However, there is no indication that the greater credit was applied to all of the crimes. To put it another way, it does not appear that Daniels received credit against all sentences for the maximum amount of presentence time spent in jail for any one crime.
Our sister court made this point in Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), a case decided after Daniels. In Whitney the defendant had been given a four and one-half year sentence for each of the four crimes to run concurrently, with respective jail time credit of 111 days, 109 days, 0 days, and 426 days. The defendant filed a motion to correct sentences on the premise that since they ran concurrently he was entitled to 426 days' credit for time served in each case. The motion was denied, and the district court of appeal affirmed. The court distinguished Daniels by pointing out that the defendant in Whitney did not spend the same time in jail awaiting sentence on each offense because he had been arrested for each crime on different dates (February 26, March 1, and April 2, 1985). The court held that for each sentence the defendant was only entitled to credit for the time actually served in jail on the charge for which he was being sentenced.
To apply Daniels as Keene contends in this appeal would produce absurd results. Suppose a defendant is arrested for burglary and spends ninety days in jail before being found guilty. He is then placed on five years' probation with the condition that he serve 180 additional days in jail. A year after his release from jail he is arrested for robbery, but he bonds out immediately and remains at liberty until sentencing. Following his conviction of robbery, his probation is revoked, and he is given concurrent sentences for both crimes. If the broad interpretation of Daniels advanced here were to be applied, the defendant in the foregoing hypothetical would be entitled to 270 days' credit against his robbery conviction even though he had never *594 spent a day in jail for that crime prior to sentencing.
We do not believe that Daniels overruled the principle of Yohn. We find the rationale of Yohn and Whitney applicable to the instant case. The fact that a defendant receives concurrent sentences at the same time does not mandate that the longest of the jail time credits be applied against all of the sentences. Therefore, appellant is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence. Of course, if he was in jail at the same time for more than one crime, he will receive credit for that time against the sentences for each of those crimes.[2]
Affirmed.
DANAHY, C.J., and GRIMES and SCHEB, JJ., concur.
NOTES
[1] Obviously, this makes a difference to Keene because when a person is serving time on concurrent sentences, he will not be released until his longest sentence has been fully served.
[2] In the case of consecutive sentences, a defendant is only entitled to credit against one of the sentences when the time he was jailed for that crime duplicated the time he was in jail for the other offenses. Miller v. State, 297 So.2d 36 (Fla. 1st DCA 1974).