THREADGILL, Judge.
The appellant appeals the sentences resulting from revocation of probation and adjudication of guilty of grand theft.
On April 20, 1983, the appellant was charged by information with second degree grand theft in violation of section 812.-014(2)(b), Florida Statutes (1981). He pled nolo contendere, was adjudicated guilty and received five years’ probation. In August of 1985 the appellant was charged with violation of probation for thefts committed between June and July 1985. On September 24, 1985, the appellant was charged by information with second degree grand theft for these same thefts.
At a revocation hearing held on January 16,1986, the appellant admitted committing the 1985 grand theft and the court revoked his probation for the 1983 offense. A scoresheet was filed for the 1983 charge and was discussed at the hearing. The presumptive guidelines range was any non-state prison sanction; however, the court enhanced' the sentence to the next cell range, thirty months in prison, because the appellant was found to have violated probation.
The court also adjudicated the appellant guilty of the 1985 grand theft offense. A separate scoresheet was filed for this offense and the court imposed a thirty months’ prison sentence to run concurrent with the sentence for the 1983 offense. The appellant was given thirty-two days credit for time served on the 1983 sentence and one day credit for time served on the 1985 sentence.
The court assessed a $300 public defender’s fee pursuant to section 27.56(7), Florida Statutes (1985) for each offense.
In this appeal, the appellant raises four points, two of which have merit.
First, the appellant argues that the trial court erred in sentencing him pursuant to the sentencing guidelines for the 1983 offense without an affirmative election to be sentenced under the guidelines. The appellant committed the 1983 offense on March 7, 1983, prior to the effective date of the guidelines. Appellee concedes that the plea colloquy does not establish an affirmative election of the guidelines for that offense. Accordingly, we reverse the sentence for the 1983 offense and remand for resentencing. Mixon v. State, 497 So.2d 720 (Fla. 2d DCA 1986).
Next, the appellant challenges the court’s imposition of public defender fees for the 1985 offense without notice and opportunity to be heard. We must also agree with this contention. The record contains an affidavit of insolvency for the 1983 offense in which the appellant waived the due process requirements. See Dailey v. State, 501 So.2d 15 (Fla. 2d DCA 1986). There was no similar affidavit for the 1985 offense; therefore, we vacate the $300 public defender lien for the 1985 charge. Jenkins v. State, 444 So.2d 947 (Fla.1984); Foust v. State, 478 So.2d 111 (Fla. 2d DCA 1985). On remand the court may assess these fees after complying with the procedural requirements set forth in Jenkins. We find no merit in the contention that the *567 public defender in whose behalf the fees were imposed was not impartial counsel.
The appellant’s third contention, that the oral pronouncements do not comport with the written sentences, is simply not supported by the record.
Finally, the appellant urges that the disparity in credit received for time served in each sentence is contrary to Daniels v. State, 491 So.2d 543 (Fla.1986). Although we need not address this issue because we reverse the 1983 sentence, we note that in Keene v. State, 500 So.2d 592 (Fla. 2 DCA 1986) this court distinguished Daniels and held that a defendant “is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.” See also Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986). On the authority of Keene and Whitney, we find no error.
The sentence for the 1983 offense is reversed and the public defender lien for the 1985 charge is vacated. We remand for proceedings consistent with this opinion.
FRANK, A.C.J., and SANDERLIN, J., concur.