SHIVERS, Judge.
Appellant Dock Dewayne Bush appeals from the trial court’s departure from the recommended guideline sentence. The State cross-appeals, challenging the trial court’s granting of Bush’s motion for jail time credit and the court’s imposition of a concurrent sentence for escape. We affirm in part, reverse, and remand.
. The appellant in this case was originally charged, in Case No. 83-730, with burglary of a dwelling alleged to have occurred on January 28, 1983. After entering a plea of nolo contendere, he was found guilty, and was sentenced to four years probation with the condition that he serve sixty days in the county jail. While on probation, appellant was charged in Case No. 84-3020 with burglary of a dwelling and grand theft, alleged to have been committed on September 25 and September 26, 1984. He again pled nolo contendere, was adjudicated a youthful offender, and was sentenced to fourteen months incarceration followed by one year of community control. He was also found to have violated his probation, for which he was given a sentence of fourteen months incarceration followed by one year of community control, to run concurrent to the sentence imposed in Case No. 84-3020. On August 28, 1985, an order was entered modifying the community control to expire on May 12, 1986. Defendant was to serve probation until that time.
While still on probation, appellant was charged by information in two separate cases. In Case 85-4510 he was charged with burglary of a structure and two counts of dealing in stolen property, all alleged to have occurred on November 19, 1985, and in Case No. 85-4512 he was charged with burglary of a dwelling and grand theft, both alleged to have occurred on November 16,1985. While being held in the Leon County Jail on the charges in these two cases, appellant escaped. He entered pleas of nolo contendere to the escape charge (Case No. 86-1360), as well as to all of the charges involved in Cases 85-4510 and 85-4512.
Sentencing was held on November 17, 1986, on all of the above charges. Despite a recommended guideline sentence of 4½ to 5½ years, the trial court imposed the following departure sentence: 12 years for burglary of a dwelling in Case No. 83-730; 12 years for burglary of a dwelling and 5 years for grand theft in Case No. 84-3020; 12 years for escape in Case No. 86-1360; 5 years for burglary of a structure and 12 years for dealing in stolen property in Case No. 85-4510; 12 years for burglary of a dwelling and 5 years for grand theft in Case No. 85-4512. All sentences were to run concurrently to each other. As reasons for departure, the trial court listed appellant’s repeated violations of probation, and the timing of the offenses in relation to each other and to defendant’s release from incarceration. The trial court granted appellant’s motion to have 651 days of jail and prison time credit accrued on the oldest case (83-730) applied to each of the sentences in the other cases.
On appeal, Bush concedes that the multiple violations of probation is a valid reason for departure, but argues that the timing of the offenses is invalid under State v. Rousseau, 509 So.2d 281 (Fla.1987). We disagree. In Rousseau, the fact that the defendant had committed three burglaries within a three-week time span was held not to justify departure, since each of the burglaries was scored as a primary offense in determining the guideline sentence. The court stated: “The record reveals no additional facts concerning the timing of these offenses which were not already factored into the guidelines of score sheet. Therefore, this reason cannot justify departure.” 509 So.2d at 283 (e.s.). The court did not, however, hold in Rousseau that “temporal circumstances” could never justify departure. Compare Rousseau to Williams v. State, 504 So.2d 392 (Fla.1987), in which the court *1016 affirmed this court’s finding in Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986) that “the trial court’s description of Williams’ ‘frequent contacts with the criminal justice system [was] something substantially more than a mere reference to the defendant’s prior criminal record.’ ” 504 So.2d at 393, quoting Williams v. State, 484 So.2d at 72 (e.s.). Finding that neither the continuing, persistent pattern of criminal activity nor the timing of each offense in relation to the prior offenses and release from incarceration were aspects of the defendant’s prior criminal record which had already been factored into the presumptive guideline sentence, the court determined that the use of this factor as a reason for departure was not prohibited under Hendrix v. State, 475 So.2d 1218 (Fla.1985).
The record in the instant case indicates that the trial court’s reason for departure, as in Williams, involved “substantially more” than a mere reference to the appellant’s past criminal conduct. We therefore affirm the trial court’s departure from the recommended guideline sentence.
The State raises two issues on cross appeal. First, it argues that the trial court erred in applying credit for 651 days of time served in Case No. 83-730 to all of the sentences imposed in November 1986. We agree, and reverse as to this issue. In granting appellant’s motion, the trial court relied on Daniels v. State, 491 So.2d 543 (Fla.1986), in which the court held that where concurrent sentences were imposed at the same time, the defendant was entitled to have his jail time credit applied to each sentence. In Daniels, however, the defendant was arrested for three separate offenses on the same day, and therefore served the same amount of presentence jail time for each offense. Since the sentences on all three offenses were to be served concurrently, denial of credit for time served on any one of the offenses would have effectively denied defendant any credit for time served.
The instant case is distinguishable, and is governed by Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986). In Whitney, as in the instant case, the defendant was arrested for different offenses on different dates. Since he did not spend the same amount of time awaiting sentence on each offense, the court held that he was entitled only to credit for the time actually served in jail prior to the trial for the charge being sentenced for. See also Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986); Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984).
The trial court’s order awarding jail time credit indicates, and the State concedes, that appellant is entitled to 651 days credit for time served in Case Nos. 83-730 and 84-3020. However, in Case Nos. 85-4510 and 85-4512, appellant spent only 335 days in jail between his arrest on November 21, 1985 and the sentence imposed on November 10, 1986, and in Case No. 86-1360 appellant spent 205 days in jail between his arrest on April 25, 1986 and the sentence imposed on November 10, 1986. Therefore, the trial court’s order awarding jail time credit is reversed, and the matter is remanded for correction of credit awarded, as indicated above.
Second, the State argues on cross appeal that the trial court erred in ordering appellant’s 12-year sentence for escape in Case No. 86-1360 to run concurrently with the other sentences, since section 944.40, Florida Statutes, requires that sentences imposed for escape “shall run consecutive to any former sentence imposed upon any prisoner.” We disagree, and affirm as to this issue. At the time of the escape in the instant case, appellant was in the Leon County Jail pending disposition of the charges in Case Nos. 85-4510 and 85-4512. Prior to being arrested in those two cases, appellant was serving a term of probation only, having already completed his 14 month term of incarceration. Therefore, he escaped not from custody on a former sentence, but while being held for sentences which had not yet been imposed. In Jordan v. State, 505 So.2d 2 (Fla. 1st DCA 1986), the defendant escaped from jail, while being held on a traffic wárrant, and not while serving a former sentence. We held in that case, as we do in the instant case, that the trial court had discretion to *1017 impose either a concurrent or a consecutive sentence for the escape.
Accordingly, we affirm the trial court’s departure from the sentencing guidelines and the concurrent sentence imposed for the escape charge, but reverse and remand the trial court’s order awarding jail time credit for modification consistent with this opinion.
THOMPSON and ZEHMER, JJ., concur.