MILLS, Judge.
The state appeals from a sentence of imprisonment for attempted possession of a firearm by a convicted felon. It contends the trial court erred in awarding the defendant credit for time spent in jail as a condition of probation imposed for an earlier offense. We reverse.
In 1985, John Jay Smith pled nolo conten-dere to burglary of a structure and grand theft. He was placed on probation for five years with the special condition that he serve 364 days in jail. After serving the jail-time, and while still on probation, he was charged with violation of probation. One of the alleged probation violations also resulted in his being charged by information with possession of a firearm by a convicted felon.
Smith entered into a plea agreement whereby he pled nolo contendere to violating probation and to attempted possession of a firearm by a convicted felon. The trial court revoked probation and imposed concurrent sentences of 2¾⅛ years’ imprisonment, within the recommended range of 12-30 months under the guidelines score-sheet approved by the trial court over defense counsel’s objection. At sentencing, the state contended appellant was entitled to jail-time credit on the firearm offense only for the time he spent in jail awaiting disposition of that charge. This would not include, the state argued, the 364 days served by Smith as a special condition of probation. The trial court, however, allowed jail-time credit of 422 days for each concurrent sentence, a figure which included the 364 days.
In Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla.1987), we held, among other things, that a defendant is not entitled to have credited to sentences imposed for later crimes time served as a condition of probation for an earlier crime, even if those sentences are concurrent with a sentence for the earlier crime imposed following violation of probation. Appellee does not attempt to explain why Whitney isn’t controlling, but merely relies on Daniels v. State, 491 So.2d 543 (Fla.1986). Daniels, however, was specifically distinguished in Whitney as requiring equal jail-time credit for concurrent sentences on multiple charges (as opposed to charges made at different times). Daniels does not conflict with the rule stated in Whitney that a defendant is “only entitled to credit for the time actually served in jail prior to trial for the charge being sentenced for....” 493 *462 So.2d at 1078. Here, since the jail-time served as a condition of probation was served before the firearm offense was charged and even before it was committed, the defendant was not entitled to have it credited to the sentence for that offense. See also Keene v. State, 500 So.2d 592 (Fla.2d DCA 1986) (following Whitney).
Appellee makes a curious argument concerning harmless error. Without raising the issue in a cross-appeal, he asserts that the trial court made sentencing guidelines scoring errors which resulted in a de facto •departure sentence. Yet appellee does not ask for reversal of the sentence based on this alleged error. Rather, he suggests the error should be considered for the limited purpose of rendering the jail-credit error harmless. If, however, appellee wished to assert a guidelines scoring error, he could have done so by raising the issue in a cross-appeal. In fact, he may still raise collaterally, pursuant to Florida Rule of Criminal Procedure 3.800, scoring errors apparent from the record. We will not consider the alleged scoring error in the present posture.
REVERSED and REMANDED for re-sentencing.
SHIVERS and JOANOS, JJ., concur.