543 So.2d 437 (1989)
Robert G. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00963.
District Court of Appeal of Florida, Second District.
May 19, 1989.
*438 PER CURIAM.
Robert Davis appeals the denial of his motion to correct sentence. We reverse.
In 1981 Davis was arrested for a felony offense and spent 42 days in jail awaiting sentencing. Eventually he received probation for that offense. Then, in 1987, he was arrested on a separate felony charge which also constituted a violation of his ongoing probation. Davis spent another 173 days in jail before receiving concurrent sentences for the 1981 and 1987 felony charges. The court properly awarded only 173 days credit against the 1987 offense. See Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). As to the 1981 offense, the court credited Davis with only the 42 days served prior to the original imposition of probation. Davis argues that he should receive credit for the 42 days plus 173 days with respect to the 1981 charge.
We believe this situation is controlled by Daniels v. State, 491 So.2d 543 (Fla. 1986), wherein the supreme court held that whenever a defendant receives presentence jailtime credit on one of several concurrent sentences, the remaining sentences must also reflect the credit for time served. In Keene, supra, which like the present case involved a violation of felony probation, this court interpreted Daniels as requiring equal credit whenever the defendant is "in jail at the same time for more than one crime." 500 So.2d at 594. In essence Davis claims that his stint in the county jail in 1987 was attributable both to the new felony arrest and to the fact his arrest represented a violation of probation. Unless the files and records in this case demonstrate otherwise, Davis is entitled to the extra credit.
Reversed.
SCHEB, A.C.J., and RYDER and THREADGILL, JJ., concur.