557 So.2d 198 (1990)
Stanley HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-00128.
District Court of Appeal of Florida, Second District.
February 21, 1990.
PER CURIAM.
Stanley Harris appeals an order of the circuit court which granted in part and denied in part his motion to correct sentence. We affirm.
On April 10, 1987, Harris was sentenced on two separate counts of a multi-count information. As to count two he received a split sentence of 366 days in prison followed by five years probation. A separate five-year term of probation, to run concurrently with the first, was imposed in count four. On March 17, 1989, having been released from prison and violated probation, Harris was resentenced to concurrent terms of three and one-half years in prison. He received credit for all time spent in jail awaiting sentence and, against count two, for the time actually spent in prison following the 1987 sentencing.
In his motion Harris sought additional credit for gain time awarded while in the custody of the Department of Corrections  that is, for the entire year-and-a-day prison sentence. See State v. Green, 547 So.2d 925 (Fla. 1989). The trial court agreed, but only to an extent. Noting that Harris's initial prison sentence was imposed for count two only, it increased the credit-time by the amount requested against the new sentence for that count. However, since count four did not originally result in a prison sentence, the court disputed that Harris had earned any additional time against the 1989 sentence  in *199 effect holding that Harris's existing sentences are overlapping but staggered.
This conclusion is consistent with our holding in Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). Relying on Daniels v. State, 491 So.2d 543 (Fla. 1986), Keene had sought equal credit-time against seven concurrent sentences. However, unlike Daniels, Keene involved a situation wherein the defendant "did not spend the same time in jail awaiting sentence on each offense because he had been arrested for each crime on different dates." 500 So.2d at 593. In other words, "concurrent" does not necessarily mean "coterminous" in the event the prisoner has "earned" more credit-time against one sentence than against others. We do not believe that State v. Green, which did not feature a sentencing structure exactly like that in the present case, and which did speak in terms of time "earned," should be viewed as requiring a contrary result.
Affirmed.
RYDER, A.C.J., and LEHAN and ALTENBERND, JJ., concur.