PER CURIAM.
Appellant, Timothy Henry, was on probation when he committed the offense of delivery of cocaine.[1] Pursuant to a plea agreement, Henry pled guilty to violating his probation and to the cocaine offense with the clear understanding that his sentences would run concurrent and total 4¾⅛ years’ incarceration. The trial judge sentenced defendant to time served for the probationary offense and to 4⅝ years for the cocaine offense, both sentences to run concurrent. The trial judge stated that no jail time credit would be awarded on the 4V2 year sentence since he was “crediting that on the violation of probation charge.” Defendant argues that he is entitled to credit against both sentences for time served in jail. We agree. If concurrent sentences are imposed, each sentence must reflect proper jail time credit. See Daniels v. State, 491 So.2d 543 (Fla.1986); Davis v. State, 543 So.2d 437 (Fla. 2d DCA 1989); Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). Since defendant’s guilty pleas were conditioned on receiving concurrent sentences, jail time credit should have been applied to each sentence. We therefore *1121 reverse defendant’s sentence and remand for resentencing.
Judgment AFFIRMED; Sentence REVERSED and REMANDED.
GOSHORN, C.J., and PETERSON and GRIFFIN, JJ., concur.

. § 893.13(1)(a)1„ Fla.Stat. (1989).