PER CURIAM.
Alfredo Figueroa challenges the trial court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Figueroa contests the trial court’s determination of jail credit on two cases. We affirm in part, reverse in part, and remand for further proceedings. The trial court’s order is affirmed in part because the record attached to the order refutes most of Figueroa’s claims that the trial court incorrectly denied him jail credit. However, we reverse in part because the trial court failed to refute Figueroa’s claim that he was not properly credited with time spent in jail prior to the imposition of his sentence in case number 93-4575. A rule 3.800 motion is the proper vehicle to challenge an award of jail credit by the trial court. See State v. Mancino, 714 So.2d 429 (Fla.1998).
We reverse the order denying the motion because it fails to refute Figueroa’s assertion that the trial court neglected to award him seventeen days’ county jail credit prior to the imposition of the sentence he is currently serving in case number 93-4575, for the time from May 12, 1996, to May 28, 1996. It appears from the case progress notes attached to the trial court’s order that Figueroa was arrested on case number 93-4575 on May 12,1996. The court had credited Figueroa with this time in case number 93-1912, where the case progress notes also reflect Figueroa’s arrest. In Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), this court determined a defendant is only entitled to credit against each sentence for time spent in jail for the charge which led to that sentence. However, this court further held that if a defendant is in jail at the same time for more than one crime, he will receive credit for that time against sentences for each of those crimes if his sentences are imposed to run concurrently. Therefore, in this particular case, where Figueroa appears to have been in jail on both of these charges and the sentences were imposed to run concurrently, he should receive credit for that time on both of these cases.
On remand, the trial court may either credit Figueroa with the.seventeen days’ jail credit or it may attach portions of the record which refute the claim to its order of summary denial. In all other respects the order denying the motion to correct illegal sentence is affirmed.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and GREEN and CASANUEVA, JJ., concur.