721 So.2d 1265 (1998)
Nelson JAMES a/k/a James Nelson, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2801.
District Court of Appeal of Florida, Third District.
December 23, 1998.
*1266 Nelson James a/k/a James Nelson, in proper person.
Robert A. Butterworth, Attorney General and Dominique T. Suite-Brown, Assistant Attorney General, for appellee.
Before COPE, GREEN, and FLETCHER, JJ.
PER CURIAM.
Appellant Nelson James appeals an order denying his motion for credit of pre-sentence jail time purportedly earned in two cases, namely 97-26752 and 97-21488, (collectively "Dade cases"). We affirm.
On May 14, 1998, while he was in custody in Broward County on unrelated cases, a warrant for James' arrest for several third degree felonies committed in Dade County was issued. Ultimately, James pled to the Dade cases and was sentenced on June 3, 1998, to a year and a day. The trial court ordered the sentences to run concurrent with each other and with any other sentences. He received twenty-two and twenty-one days of jail credit time on these cases respectively. On March 12, 1998, James was also sentenced to a year and one day on the Broward offenses. For these cases, he was awarded jail credit time of one hundred thirty-one days, thirty-four days and thirty-four days respectively.
James argues that the Dade trial court failed to award him the appropriate jail credit time on his Dade sentences, which he asserts should have been a total of one hundred and seventeen days. If James were correct, it would result in a release date of December 14, 1998. The State, however, counters that a defendant is not entitled to equal jail time on each concurrent sentence when the defendant is arrested on different dates for separate charges. We agree.
Under Florida law, when concurrent sentences in different cases are involved, a defendant is only entitled to credit against each sentence for the time spent in jail for the charge which resulted in that sentence. See Walker v. State, 579 So.2d 348, 349 (Fla. 1st DCA 1991) (holding that defendant is entitled to different amount of jail time credit on each sentence when the defendant is arrested at different times for separate charges and stays in jail for different periods of time after each arrest); Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986); see also Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA1987)(holding that a defendant is not entitled to equal jail time on each concurrent sentence when the defendant is arrested on different dates for each charge).
Based upon the fact that James' arrest warrant for the Dade cases was issued May 14, 1998, he is entitled to credit for time spent in jail while awaiting sentencing only on his Dade cases; he is not entitled to have his jail time spent on the separate Broward offenses credited to the Dade cases. Additionally, the fact that he may be entitled to a release date of December 14, 1998, on the Broward cases does not entitle him to the same release date on his Dade cases.[1] Thus, the trial court correctly denied his motion.
Affirmed.
NOTES
[1] The fact that the trial court ordered the sentences herein to run concurrent with the Broward sentences does not alter this decision. See Harris v. State, 557 So.2d 198 (Fla. 2d DCA 1990) (holding that concurrent sentences are not necessarily coterminous where defendant was arrested on each offense on different dates; defendant may have earned more jail time credit against one sentence than another).