PER CURIAM.
Appellant appeals the order that partially granted his motion to receive jail credit. We reverse in part and affirm in part.
When appellant was sentenced to three years in prison following his second violation of probation in lower court case # 95-242-CF, the trial court did not award him any jail credit. Appellant filed a motion to correct an illegal sentence and claimed that he was held in jail on seven separate occasions in this case for a total of 408 days. The trial court found that appellant was entitled to credit for the time spent in jail pending the original disposition and sentencing. The court found that appellant was held from November 8, 1995, to April 22, 1996, and awarded appellant 141 days of jail credit. However, the trial court found that appellant was not entitled to any other jail credit because the other dates in appellant’s motion pertained to other charges.
If appellant were held in jail from November 8,1995, to April 22,1996, he would be entitled to 167 days of jail credit, not 141. Accordingly, we must reverse that *999 portion of the order that awards appellant 141 days of jail credit and remand for an award of 167 days. As to the other claims for credit, we affirm. See Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998); Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986).
BOOTH, MINER and VAN NORTWICK, JJ., CONCUR.