754 So.2d 857 (2000)
Carl Deon DENNIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3038.
District Court of Appeal of Florida, Third District.
April 12, 2000.
Carl Deon Dennis, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before LEVY, GODERICH, and RAMIREZ, JJ.
*858 PER CURIAM.
On February 26, 1999, Defendant filed a Motion for Post Conviction Relief, pursuant to Rule 3.850, alleging that he was sentenced to illegal sentences on February 12, 1979, when, he claims, the trial court failed to allow him full credit for time served on each of his concurrent sentences. The trial court denied post conviction relief on the ground that defendant's motion was not timely and defendant appeals. Although relief pursuant to Rule 3.850 is time barred, we treat this as a Rule 3.800 motion.
As the State properly concedes, a defendant may move for post conviction relief from an illegal sentence at any time. Fla. R.Crim. P. 3.800(a); Terry v. State, 567 So.2d 1050 (Fla. 5th DCA 1990). Moreover, a sentence which fails to grant proper credit for time served is an illegal sentence which may be corrected at any time. See Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3d DCA 1995). However, we find that defendant was properly credited for time served on each of his charges, therefore, defendant's sentences are not illegal and no relief may be afforded.
In November, 1977, defendant entered a guilty plea on charges of Burglary of Structure and Grand Larceny (Case No. 77-29619). The trial court entered an Order withholding adjudication and sentenced defendant to 18 months of probation after service of six months in County jail. On December 26, 1978, an Affidavit of Violation of Probation was filed against defendant as a result of defendant's subsequent arrest. The Order of Probation was revoked on February 12, 1979, and defendant was sentenced to seven years imprisonment for the Burglary charge and 5 years imprisonment for the Grand Larceny charge to run concurrent. Defendant was credited for 238 days for time served.
On December 20, 1978, defendant was charged by information with Burglary of a Dwelling (Count I), two counts of Grand Theft (Counts II & III), and Unlawful Possession of Cannabis (Count IV)(Case No. 78-19877). Defendant entered a nolo contendere plea and was sentenced on February 12, 1979, to 7 years, less 54 days credit for time served, on the Burglary count (Count I) and 5 years, less 54 days credit for time served, on the Grand Theft charge (Count II), with each sentence to run concurrent to the case number 77-29619 sentences. Defendant was also sentenced to 5 years, less 54 days credit for time served, on the other Grand Theft charge in case number 78-19914, which was also to run concurrent to the sentences in case numbers 77-29619 and 78-19877.
Defendant contends that the trial court failed to award him the full 238 days for time served on each of his convictions in case numbers 78-19877 and 78-19914. This argument is without merit. Despite being sentenced on all his charges on the same date, defendant was arrested in cases 78-19877 and 78-19914 on December 20, 1978. Therefore, he is only entitled for time served from the time of his arrest for the December 20, 1978, charges until the time of sentence. Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986); Yohn v. State, 461 So.2d 263 (Fla. 2d DCA 1984).
In Whitney v. State, the Court denied the defendant credit for time served where the defendant, as here, did not spend the same time awaiting sentence on the offenses charged. Whitney, 493 So.2d at 1078; see also Yohn, 461 So.2d at 265. Like the defendant in Whitney, defendant here was arrested for different offenses on November 21, 1977, and December 20, 1978, and is therefore not entitled to an equal amount of credit for time served on all of the charges. He is entitled to, and was properly granted, 238 days credit for time served on the November 21, 1977, charges and 54 days credit for time served on the December 20, 1978, charges. For the foregoing reasons, we affirm the trial *859 court's denial of defendant's Motion for Post-Conviction Relief.
Affirmed.