PER CURIAM.
Bobby Washington challenges the order of the trial court denying his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court did not attach portions of the trial court record that conclusively refute Washington’s facially sufficient claim for relief, we reverse the order of the trial court and remand for further proceedings.
In his motion, Washington alleged that he was only awarded 137 days’ credit against his prison sentence for the time he spent in jail prior to sentencing on trial court case number 02-569 when he should have been awarded 253 days’ credit. He further alleged that the trial court records, on their face, demonstrate an entitlement to relief. Washington presented a facially sufficient rule 3.800(a) jail credit claim. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998). The trial court denied relief on this claim, attaching the response of the State to its order to show cause why Washington should not be entitled to relief. In its response, the State noted that Washington was sentenced on the same day to concurrent two-year prison sentences in three separate trial court cases, including the present case. Because Washington alleged that the failure to award the correct amount of jail credit was a violation of his plea agreement, the State interpreted Washington’s motion as alleging that, because he was sentenced concurrently in all cases, he was entitled to the same amount of jail credit in trial court case number 02-569 as was awarded in trial court case number 02-393 even though he spent less time in jail in case number 02-569. The State was correct in determining that a defendant who is arrested for different offenses on different dates is not entitled to have jail credit applied equally to all prison sentences even though the sentences are run concurrently. See Dennis v. State, 754 So.2d 857, 858 (Fla. 3d DCA 2000). However, the State’s interpretation of Washington’s claim is only a possible interpretation and, as noted, Washington stated a facially sufficient claim that the trial court records would show that he was entitled to 253 days’ credit.
Accordingly, we reverse the order of the trial court. On remand, if the trial court again denies this claim, it shall attach those record documents, such as the sheriffs jail log, which conclusively refute the claim. See Whitt v. State, 807 So.2d 788 (Fla. 2d DCA 2002).
Reversed and remanded.
STRINGER, COVINGTON, and WALLACE, JJ„ Concur.