SILBERMAN, Judge.
Chuy Francisco Solis appeals the denial of his “motion for jail time credit,” treated as a motion under Florida Rule of Criminal Procedure 3.800(a). Because the records attached to the postconviction court’s order do not refute Solis’s claim, we reverse and remand for further proceedings.
Solis claims that he was in jail at all times from May 5,2006, until September 1, 2006, as the result of the revocation of his pretrial bond. He asserts entitlement to 128 days’ jail credit for this entire time-frame, although it appears the actual number of days involved is 120 days. The postconviction court denied Solis’s motion, finding that he was arrested on April 17, 2006, and released on surety bond on April 19, 2006; that on September 1, 2006, Solis was sentenced to drug offender probation; that Solis was arrested in Hardee County on February 12, 2007, for a probation violation; and that when he was sentenced on February 15, 2007, he received a total of six days of jail credit. Further, the post-conviction court found nothing in the record to indicate that Solis’s bond had been revoked on May 5, 2006. Thus, this appeal involves a disagreement as to Solis’s status between May 5, 2006, and September 1, 2006.
On April 14, 2010, this court directed the Polk County clerk of court to supplement the record on appeal with Solis’s motion for pretrial release or reasonable bail, filed May 19, 2006, and the trial court’s order denying the motion, filed June 2, 2006. The fact that Solis’s counsel filed a motion for pretrial release after the date Solis claims his bond was revoked suggests that his bond was, in fact, revoked. See Green v. State, 979 So.2d 395, 396 (Fla. 2d DCA 2008) (noting that because documents indicated that the premiums for bonds were returned to the defendant, the record appeared to support the defendant’s claim that he was not released from jail and was entitled to additional jail time credit). Moreover, the order denying the motion for pretrial release appears to indicate that Solis was returned to jail after the hearing. At a minimum, the documents attached to the postconviction court’s order denying Solis’s motion do not refute his sworn allegations, and the postconviction court may have overlooked record documents that address Solis’s claim.
Accordingly, we reverse and remand for the postconviction court to reconsider Solis’s motion.
LaROSE, J., Concurs.