PER CURIAM.
Patrick O’Hearn (Defendant) appeals an order of the Broward County circuit court, summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm without prejudice.
Defendant asked the court to correct his jail time credit, alleging he received 329 days of credit against his sentences in his 2006 case, but only 49 days of credit against his sentences in his 2008 case, requiring him to serve 280 days more than he believed the trial court intended. All his sentences were imposed on the same date and were to run concurrently, but it was also his position, which he alleged was consistent with his plea agreement, that the sentencing court intended for his sentences to begin and end on the same date.
The postconviction court denied the motion with an order that stated that the amount of time served on each case would not be the same because Defendant was arrested on each case on separate dates; the time served on each case was accurate.
Defendant was not entitled by law to have the 329 days of credit he received in the 2006 case applied as well to the 2008 case; a defendant is entitled to receive credit only for the amount of time he or she actually served before sentencing for the charge for which he or she is being sentenced. E.g., Harris v. State, 483 So.2d 111, 113 (Fla. 2d DCA 1986).
However, if Defendant’s plea agreement provided that the sentences for both cases were imposed to run coterminously, but the sentence did not so provide, then his remedy would be to file a sworn rule 3.850 motion to enforce the plea agreement, or to withdraw the plea as involuntary. See Almodovar v. State, 56 So.3d 898 (Fla. 2d DCA 2011).
Because the instant appeal was pending when the two-year time period for filing a timely rule 3.850 motion expired, Defendant, if he chooses to do so, shall have thirty days from the issuance of the mandate in this ease within which to file such a rule 3.850 motion, which shall be considered timely filed.

Affirmed without prejudice.

TAYLOR, HAZOURI and CONNER, JJ., concur.