PER CURIAM.
 

 Ermino Escobedo-Muniz (Defendant) appeals an order of the Martin County Circuit Court, summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm without prejudice.
 

 Defendant pleaded no contest to one first-degree misdemeanor, and two third-degree felonies. He was sentenced to time-served for the misdemeanor; forty-eight months’ imprisonment, followed by one year probation, for the first felony; and five years’ probation for the second felony.
 

 In his rule 3.800(a) motion, Defendant alleged that his sentence of “48 months DOC followed by 5 years probation” was illegal because the scoresheet reflected a maximum of six years. The post-conviction coui’t conceded that the scoresheet contained an error, but concluded that the sentences were not illegal because Defendant was sentenced to forty-eight months in prison, followed by one year probation, for one third-degree felony, and to five years’ probation for the other third-degree felony offense. We agree.
 

 Third-degree felonies are punishable by up to five years’ imprisonment.
 
 See
 
 § 775.082(3)(d), Fla. Stat. (2008). Contrary to Defendant’s assertion, the forty-eight month prison sentence and the five-year probationary sentence were not imposed for the same offense; rather, these were two distinct sentences for two different offenses. Therefore, Defendant’s sentences were not illegal as neither exceeded the statutory maximum permitted for third-degree felony offenses.
 
 See Maynard v. State,
 
 763 So.2d 480 (Fla. 4th DCA 2000).
 

 However, if Defendant relied on the scoresheet as the basis for his plea, or, if his plea agreement provided that he would be sentenced in accordance with the score-sheet, then his remedy would be to file a sworn rule 3.850 motion to withdraw his plea as involuntary or to enforce the agreement.
 
 See O’Hearn v. State,
 
 67 So.3d 374 (Fla. 4th DCA 2011).
 

 Because the instant appeal was pending when the two-year time period for filing a timely rule 3.850 motion expired, Defendant, if he chooses to do so, shall have thirty days from the issuance of the mandate in this case within which to file such a rule 3.850 motion, which shall be considered timely filed.
 

 Affirmed without prejudice.
 

 POLEN, CIKLIN and GERBER, JJ„ concur.