CASANUEVA, Judge.
William Nieves filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging that he is due an additional 103 days of jail credit, and the postcon-viction court denied the motion.[1] We reverse and remand for further proceedings.
Nieves was initially arrested on July 14, 2011, and charged in case number 11-CF-17601. He was released on bond on July *163 16, 2011. He was arrested on new charges on August 5, 2011; these generated three additional cases. Then, while in jail on these charges, he was arrested on August 10 on further charges, resulting in two more cases. He did not bond out in the five new cases. After pleading no contest to all the charges, he was sentenced on November 14, 2011, to five years in prison in all cases, concurrent. The trial court awarded him jail credit from either August 5 or August 10 to November 14 (97 days and 102 days, respectively) in the five new cases but only three days of credit in case ll-CF-17601, for July 14-16, 2011.
Nieves filed a rule 3.800(a) motion requesting 103 days of credit.[2] The post-conviction court denied the motion. On rehearing, Nieves provided additional documentation to support his claim, but the court dismissed the rehearing motion.
A motion filed pursuant to rule 3.800(a) is an appropriate means of requesting correction of “a sentence that does not grant proper credit for time served.” Fla. R. Crim. P. 3.800(a). However, “a defendant who is arrested for different offenses on different dates is not entitled to have jail credit applied equally to all prison sentences even though the sentences are run concurrently.” Washington v. State, 873 So.2d 609, 610 (Fla. 2d DCA 2004); see also Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986) (“The fact that a defendant receives concurrent sentences at the same time does not mandate that the longest of the jail time credits be applied against all of the sentences. Therefore, appellant is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.”). The issue, therefore, is whether Nieves was “in jail” in case number ll-CF-17601 when, after being released on bond, he was arrested on new charges.
According to Blake v. State, 807 So.2d 772, 773 (Fla. 2d DCA 2002), a defendant is not entitled to jail credit in a given case until his bond is revoked in that case. Here, Nieves attached to his motion for rehearing a copy of the first appearance order on the new charges filed with the clerk on August 6, 2011. The order includes this directive: “Revoke Bond 11-CF-017601.” Because the face of the record, see Fla. R. Crim. P. 3.800(a), reflects that Nieves’s bond was revoked, he is deemed to have been in jail for purposes of this case number and must be awarded appropriate credit. We therefore reverse and remand for the postconviction court to review the record and award the correct number of days of credit in case number ll-CF-17601.
Reversed and remanded.
ALTENBERND and MORRIS, JJ., Concur.

. The postconviction court dismissed Nieves’s motion for rehearing as untimely. After reviewing the circumstances described by Nieves and receiving a response from the State, we deem the rehearing motion and, thus, this appeal timely.

. Nieves’s motion was sorely lacking in detail, see Whitfield v. State, 864 So.2d 562, 562 (Fla. 1st DCA 2004) ("[A] facially sufficient rule 3.800 motion to correct an illegal sentence must allege where and how the court records demonstrate entitlement to relief.”), but the State and postconviction court reviewed the records in the six case numbers and determined that Nieves must have meant that he wanted full credit in case ll-CF-17601. Nieves confirmed this conclusion in his motion for rehearing.