NORTHCUTT, Judge.
Ronald Williams appeals the summary denial of his motion for jail credit, which the postconviction court treated as a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). Because Williams’ claim was supported by the record, we reverse and remand for the postconviction court to grant his motion and award the additional jail credit.
After being released on bond in circuit court case number 05-20231, Williams was arrested on January 29, 2006, and charged in circuit court case number 06-1955. Williams remained in the county jail for 279 days until he was sentenced in both cases on November 3, 2006, to drug offender probation. Williams later admitted to violating his probation, and the court sentenced him to concurrent terms of imprisonment in both cases. Williams was given credit for the 279 days he spent in county jail between his January 29 arrest and the original sentencing on November 3, but only in case number 06-1955.
In his motion, Williams asserted that he is entitled to the same jail credit in case number 05-20231. The postconviction court cited Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986), and denied this claim on the ground that “a defendant is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.” The court reasoned that Williams was not entitled to the additional credit in case number 05-20231 because his bond in that case was not revoked until his original sentencing on November 3, 2006. This conclusion was not supported by the record.
We directed the clerk of circuit court to supplement the record on appeal with a copy of the notice to appear in case number 06-1955, which was filed on January 30, 2006, the day following Williams’ arrest in that case, and a copy of Williams’ motion for bond reduction, which his attorney filed on February 10, 2006. The notice to appear reflected that Williams’ bond in case number 06-1955 was set at $1120. The motion for bond reduction listed both case numbers and reported that Williams was being held on a $4240 bond for the charges associated with both cases. The fact that Williams’ attorney filed a motion for bond reduction in both cases soon after Williams was arrested on January 29, 2006, combined with the fact that the motion described a higher bond than had been set in case number 06-1955 alone, demonstrates that Williams’ bond had been revoked in case number 05-20231. See Solis v. State, 38 So.3d 230, 231 (Fla. 2d DCA 2010) (“The fact that Solis’s coun *629 sel filed a motion for pretrial release after the date Solis elaim[ed] his bond was revoked suggests that his bond was, in fact, revoked.”).
As this court has noted, the Keene analysis
is applicable when a defendant is arrested on various dates for various charges; in that situation, the defendant will receive presentence credit relevant to each charge even though concurrent sentences are ultimately imposed in all cases on the same date.... “Of course if [the defendant] was in jail at the same time for more than one crime, he will receive credit for that time against the sentences for each of those crimes.”
Gonzalez v. State, 17 So.3d 1277, 1278 (Fla. 2d DCA 2009) (quoting Keene, 500 So.2d at 594). Because the record supports Williams’ assertion that he was entitled to credit in both cases for the time he spent in jail from January 29, 2006, to November 3, 2006, we reverse and remand for the postconviction court to grant his motion and award him an additional 279 days of jail credit in case number 05-20231.
Reversed and remanded with directions.
KHOUZAM and BLACK, JJ., Concur.