PER CURIAM.
Appellant seeks reversal of his conviction after a jury trial for breaking and entering with intent to commit a misdemean- or and carrying a concealed firearm, for which he received consecutive sentences of five years and one year.
We have reviewed the record on appeal and the briefs submitted by counsel and our consideration thereof requires a conclusion that appellant has failed to demonstrate prejudicial error during the trial proceedings below.
However, it does appear that the trial court failed to give credit for the time- *184 appellant spent in jail prior to sentencing, contrary to F.S. § 921.161(1). We therefore reverse and remand this cause to the trial court with directions to modify the sentence by giving appellant credit for the number of days spent in jail prior to sentencing. Since said judgment and sentence to be entered on remand is corrective in nature and will be less than that already pronounced, the presence of appellant before the trial court is not required. Such may be done by order modifying sentence rather than resentencing appellant in open court. Larson v. State, 301 So.2d 491 (Fla.App. 1st, 1974).
Reversed and remanded for correction of sentence.
JOHNSON, Acting C. J., and BOYER and MILLS, JJ., concur.