684 So.2d 851 (1996)
Mathew P. McCONNAUGHY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3189.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
Mathew P. McConnaughy, Polk City, Pro se.
No Appearance for Appellee.
PER CURIAM.
Mathew P. McConnaughy timely appeals the trial court's order summarily denying his Rule 3.850 motion, which alleges two claims of involuntariness of plea. The trial court denied his motion on the basis that it was untimely for purposes of Rule 3.850. We affirm, but not for the reason stated by the trial court, as will be explained.
McConnaughy in his first claim alleges that on October 9, 1990, he entered a plea of no contest to first-degree murder and sexual battery based on his understanding that under the terms of the plea bargain he would be eligible for gain-time. He complains that his plea has been subsequently rendered involuntary due to the subsequent amendment to "Chapter 33-11 F.A.C." under which he is no longer eligible to receive incentive gain-time. We note that the supreme court's recent opinion in Gwong v. Singletary, 683 So.2d 109 (Fla. 1996), a mandamus proceeding, appears to support his claim. Gwong concluded that the recent amendment by the Department of Corrections to Florida Administrative Code Rule 33-11.0065 violated the constitutional prohibition against ex post facto laws because it applied to a class of inmates who committed their offenses before the effective date of the statute and it enhanced the measure of punishment by eliminating the ability of certain inmates to earn incentive gain-time.
We conclude that McConnaughy is not entitled to relief under Rule 3.850, but not for the reason stated by the court. It is clear from McConnaughy's motion that his complaint does not lie with the trial court or with trial counsel, but rather concerns the amendment *852 of an administrative rule that allegedly has the effect of denying him incentive gain-time. Instead, he should first pursue his administrative remedies and then, if necessary, file a petition for writ of mandamus against the Department of Corrections in the circuit court. See, e.g., King v. State, 665 So.2d 377 (Fla. 4th DCA 1996). Accordingly, we affirm without prejudice on this issue.
McConnaughy in his second claim argues that his plea has been rendered involuntary due to the passing of legislation that requires prisoners to reimburse the state for the cost of their confinement. The statutory provision at issue appears to be section 951.033, Florida Statutes (1996 Supp.), which allows "local detention facilities" to collect from prisoners "all or a fair portion of their daily subsistence costs." Again, we conclude that McConnaughy is not entitled to relief under Rule 3.850 because his complaint does not lie with action taken by the trial court or trial counsel. He should first pursue his administrative remedies and then, if necessary, file a petition for writ of mandamus against the Department of Corrections in the circuit court. King. Accordingly, we affirm without prejudice on this issue as well.
GOSHORN, HARRIS and ANTOON, JJ. concur.