PER CURIAM.
Verwayne Alexander timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Essentially, Appellant alleged that his plea had been rendered involuntary by the retroactive application of Florida Administrative Code Rule 33-11.0065, pursuant to which the Department of Corrections in 1996 had stopped awarding him further incentive gain-time. Although Appellant’s claim has merit, see Gwong v. Singletary, 683 So.2d 109 (Fla. 1996), cert. denied, — U.S.-, 117 S.Ct. 1018, 136 L.Ed.2d 894 (1997) (barring department from applying amendment to rule 33-11.0065 retroactively to inmates convicted of offenses that occurred before April 21, 1996, effective date of amendment, as impermissible ex post facto law), it is not a claim cognizable in a rule 3.850 proceeding.
Instead, Appellant should pursue his administrative remedies with the department to restore his incentive gain-time, and if he is unsuccessful after exhausting those remedies, he may seek mandamus relief against the department by proper motion in the circuit court. Our affirmance is without prejudice to his pursuing those avenues of relief. See Howard v. State, 688 So.2d 992 (Fla. 1st DCA 1997); McConnaughy v. State, 684 So.2d 851 (Fla. 5th DCA 1996). See also *1018 Washington v. State, 683 So.2d 215 (Fla. 4th DCA 1996).
AFFIRMED.
GUNTHER, FARMER and GROSS, JJ., concur.