738 So.2d 988 (1999)
STATE of Florida, Appellant/Cross-Appellee,
v.
Thomas TAYLOR, Appellee/Cross-Appellant.
No. 98-02392.
District Court of Appeal of Florida, Second District.
July 14, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant/Cross-Appellee.
Glenn Anderson, Winter Haven, for Appellee/Cross-Appellant.
ALTENBERND, Acting Chief Judge.
The State appeals an order granting in part and denying in part Thomas Taylor's motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Mr. Taylor cross-appeals the same order. Mr. Taylor alleges that he involuntarily entered into his plea because of three instances of ineffective assistance of counsel. After an evidentiary hearing, the trial court agreed that Mr. Taylor's counsel was ineffective for affirmatively misadvising him as to the amount of time he would spend in jail. The trial court rejected Mr. Taylor's remaining two grounds. We reverse that portion of the order granting Mr. Taylor relief and affirm the trial court's denial of the remainder of his motion.
Mr. Taylor was charged in April 1993 with six counts of capital sexual battery and one count of lewd act on a child, all against one victim. In June of the same year, Mr. Taylor was charged in a separate information with capital sexual battery on a different victim. Early in 1994, Mr. Taylor entered into a plea agreement whereby he agreed to plead guilty to four counts of attempted capital sexual battery with 160 victim injury points on his scoresheet. The plea agreement specifically provided that the agreement was "entered into regardless of the guidelines," and that Mr. Taylor would be sentenced to 25 years' *989 imprisonment followed by 20 years' probation. The State agreed to accept Mr. Taylor's pleas to four counts of attempted, rather than completed, capital sexual battery, and to drop the remaining charges. The trial court accepted the plea agreement and imposed a term of 25 years' imprisonment on the information containing a single count of sexual battery and a consecutive term of 20 years' probation on the information for the other victim.
Mr. Taylor alleges that his lawyer erroneously informed him that if he accepted the plea agreement, due to gain-time, he would serve no longer than 10 years in prison notwithstanding the 25-year sentence. Mr. Taylor claims that he will actually have to serve 15 years because the Department of Corrections retroactively revoked a portion of his incentive gain-time credits. At the evidentiary hearing, the trial court concluded that Mr. Taylor had satisfactorily proven his lawyer had been ineffective for misadvising him. This conclusion is not supported, however, either by Mr. Taylor's motion or the evidence presented at the hearing.
Mr. Taylor failed to provide any evidence of the amount of time he will be required to serve, so it is impossible to determine if the advice of Mr. Taylor's counsel was wrong.[1] More important, even assuming Mr. Taylor's counsel misadvised him, Mr. Taylor failed to allege or prove that he would not have accepted the plea agreement but for this misadvice, an element necessary for postconviction relief. See Davis v. State, 697 So.2d 957 (Fla. 2d DCA 1997); Days v. State, 637 So.2d 66 (Fla. 1st DCA 1994). We find this omission unsurprising given that, without the plea agreement, Mr. Taylor was facing a potential of two consecutive life sentences with 25-year minimum mandatories if convicted on both informations. The trial court erred in granting Mr. Taylor relief on this claim.
Mr. Taylor's motion also alleges that his lawyer mistakenly told him the sentence to which he was agreeing was within the guidelines, including the scoring of 160 victim injury points. This claim is refuted by the record. The plea form itself acknowledges that the agreement is independent of the guidelines. There is no evidence that Mr. Taylor was unaware of this when he entered into the agreement. Therefore, the trial court properly denied relief on this claim.
Finally, Mr. Taylor's motion alleges his lawyer told him the two separate informations would be tried together if he did not enter into the plea agreement. We agree with the trial court's finding that Mr. Taylor failed to substantiate this claim at the evidentiary hearing. From the evidence presented, it appears that Mr. Taylor misunderstood his counsel's advice about potential Williams[2] rule evidence, not that his counsel told him the cases would be tried together.
Accordingly, we reverse the trial court's order to the extent it grants Mr. Taylor relief, and affirm the order in all other respects.
BLUE and NORTHCUTT, JJ., Concur.
NOTES
[1] Apparently, Mr. Taylor will serve only about 12 years in prison. See Gwong v. Singletary, 683 So.2d 109 (Fla.1996). If Mr. Taylor still has a complaint about the Department revoking his incentive gain-time credits, that type of claim is not cognizable in a rule 3.850 proceeding. See Alexander v. State, 697 So.2d 1017 (Fla. 4th DCA 1997).
[2] See Williams v. State, 110 So.2d 654 (Fla. 1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).