870 So.2d 79 (2003)
Kimberly Ann TINKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3032.
District Court of Appeal of Florida, Second District.
November 14, 2003.
DAVIS, Judge.
Kimberly Ann Tinker challenges the trial court's order summarily denying her request for jail credit pursuant to Florida Rule of Criminal Procedure 3.800. An affidavit *80 of violation of probation was filed against Tinker bearing the case numbers of both cases for which Tinker was serving probation. However, it appears that due to a clerical error, only one of the case numbers appeared on the arrest warrant. Therefore, Tinker was technically taken into custody on only one of the cases and, at sentencing, received credit for time served only in the one case.
Our review of the record indicates that she was arraigned on the affidavit for both cases at the same arraignment hearing, admitted to violating the terms of both probation orders at the same court appearance, and was sentenced for both violations on the same day based on a single scoresheet. The order finding the violation of probation contained both case numbers, and the trial court imposed the same sentence for each case, the sentences to be served concurrently.
Although Tinker was entitled to credit against each sentence she received for the time she spent in jail on the charge leading to the sentence, see Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), due to the mistake on the warrant, the trial court only credited her with the time she spent in jail on one of the violations. This was error. Accordingly, we conclude that Tinker was actually being held for violating her probation in both cases and, but for the mistake on the warrant, would have received credit for the time she served in jail awaiting the disposition of the cases on both case numbers. Therefore, we reverse the trial court's order denying Tinker the credit and remand with instructions to grant the relief requested.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.