940 So.2d 1165 (2006)
James WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1419.
District Court of Appeal of Florida, Second District.
September 8, 2006.
KELLY, Judge.
James White appeals the summary denial of his motion for jail credit filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand with instructions.
White filed a motion for jail credit in circuit court cases 03-000737CFMA, 03-000794CFMA, and 03-000821CFMA alleging entitlement to jail credit for time spent in Highlands County Jail. The postconviction court denied the motion on the merits and attached to its order the disposition memoranda for all three cases and the jail time computations sheets from the Highlands County Sheriff's Office (HCSO) for all three cases. The postconviction court, relying on the attached records, concluded that White was not entitled to any additional credit other than what he had already been awarded. The HCSO sheets indicate that although White was in Highlands County Jail during the dates he alleged in his motion, White is not entitled to any credit because he was awarded jail credit for those time periods in other misdemeanor cases.
White is entitled to credit against each sentence he received for the time spent in jail on the charge leading to the sentence. See Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986). Therefore, if White was in custody in Highlands County Jail during the alleged time periods in cases 03-000727CFMA, 03-000794CFMA, and 03-000821CFMA, as well as the misdemeanor *1166 cases, White would be entitled to credit in each case. See Tinker v. State, 870 So.2d 79 (Fla. 2d DCA 2003) (holding that defendant was entitled to jail credit in two cases where defendant was being held for violating her probation in both cases). Although the record attached to the postconviction court's order indicates White was in custody in Highlands County Jail during the alleged time periods on cases 03-000727CFMA, 03-000794CFMA, and 03-000821CFMA, he was only awarded credit in the misdemeanor cases. The record attached to the postconviction court's order does not conclusively refute White's allegations.
Accordingly, we reverse with directions for the postconviction court to reconsider White's allegations. If the postconviction court again denies relief, it shall attach to its order those portions of the record that conclusively refute White's claims.
Reversed and remanded with instructions.
SALCINES and DAVIS, JJ., Concur.