*770
 
 PER CURIAM.
 

 The trial court’s order dismissing the postconviction motion with prejudice, after having provided an opportunity to amend, is affirmed.
 
 See Oquendo v. State,
 
 2 So.3d 1001 (Fla. 4th DCA 2008) (approving the procedure suggested in.
 
 Nelson v. State,
 
 977 So.2d 710 (Fla. 1st DCA 2008));
 
 see also Muccio v. State,
 
 949 So.2d 376 (Fla. 4th DCA 2007) (concluding the defendant did not demonstrate prejudice because the plea offer was a package deal and the defendant failed to show that he would not have entered the plea if counsel had moved to dismiss count II);
 
 Warner v. State,
 
 916 So.2d 879 (Fla. 2d DCA 2005) (finding the defendant failed to state a sufficient claim where his convictions resulted from a negotiated plea and he did not allege that he would not have entered the plea bargain if he had known of a double jeopardy violation);
 
 State v. Taylor,
 
 738 So.2d 988 (Fla. 2d DCA 1999) (concluding the defendant’s 3.850 motion was insufficient because he did not allege or prove that he would not have accepted the plea agreement but for counsel’s alleged deficiency).
 

 Affirmed.
 

 POLEN, HAZOURI and CIKLIN, JJ., concur.