VILLANTI, Judge.
 

 Mario Gonzalez challenges the postcon-viction court’s order denying his request for jail credit pursuant to Florida Rule of Criminal Procedure 3.800(a). Gonzalez claims entitlement to jail credit in four cases for the time he spent in jail after he was arrested for violating community control until he was sentenced to Florida State Prison. Because the postconviction court erroneously determined that credit should be applied to only one of his cases, we reverse and remand for further proceedings.
 

 Gonzalez was placed on community control in case numbers 00-8365, 00-9991, GO-15625, and 01-11693 on March 21, 2002. On November 6, 2002, Gonzalez was arrested by a deputy sheriff who filed a
 
 *1278
 
 criminal report affidavit stating that Gonzalez was arrested for “violation of probation/burglary/# 0009991CF.” Ultimately, an affidavit was filed in all four cases alleging that Gonzalez had violated conditions of his community control by loitering and prowling, by giving a false name to a law enforcement officer, and by failing to remain confined to his approved residence. All of this conduct occurred on the date of his arrest and incarceration on November 6, 2002. Based on this affidavit, the trial court revoked Gonzalez’s community control in all four cases on February 11, 2003, and sentenced him to various concurrent terms of imprisonment.
 

 These documents clearly demonstrate that Gonzalez was in custody for community control violations in all four of his cases for the ninety-eight days from November 6, 2002, until February 11, 2003. However, the sentencing documents reveal that he was given such credit only on case number 00-9991.
 

 In determining that Gonzalez was not entitled to credit in all four cases, the postconviction court apparently placed excessive weight on the arresting officer’s notation that Gonzalez was arrested for violating probation in case number 00-9991. Citing
 
 Keene v. State,
 
 500 So.2d 592, 594 (Fla. 2d DCA 1986), the postcon-viction court concluded that Gonzalez was entitled to credit only against the sentence for that case.
 
 Keene
 
 is applicable when a defendant is arrested on various dates for various charges; in that situation, the defendant will receive presentence credit relevant to each charge even though concurrent sentences are ultimately imposed in all cases on the same date. Here, however, a concluding observation by the
 
 Keene
 
 court is applicable: “Of course, if [the defendant] was in jail at the same time for more than one crime, he will receive credit for that time against the sentences for each of those crimes.”
 
 Id.
 
 at 594.
 

 Gonzalez was entitled to credit in each of these cases for the time he spent in jail awaiting the disposition of his community control violation.
 
 See White v. State,
 
 940 So.2d 1165 (Fla. 2d DCA 2006);
 
 Seay v. State,
 
 928 So.2d 479 (Fla. 2d DCA 2006);
 
 Tinker v. State,
 
 870 So.2d 79 (Fla. 2d DCA 2003). Accordingly, we reverse the post-conviction court’s denial of Gonzalez’s motion and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 WALLACE and CRENSHAW, JJ., Concur.