DAVIS, Judge.
 

 George W. Agent, pro se, challenges the summary denial of his postconviction motion, which he filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
 

 In 2006, Agent entered an open no contest plea to carjacking with possession of a firearm, and the trial court sentenced him to ten years’ imprisonment in June 2006.
 
 [1]
 
 He then filed his rule 3.850 motion in June 2008. The sole allegation raised in that motion was phrased as follows: “Whether defense counsel promised defendant that he would receive youthful offender sanction, rather than adult sanctions, in exchange for his plea.” The postconviction court summarily denied this claim, attaching a copy of the sentencing hearing transcript and concluding as follows:
 

 Defendant was present when the court explained that he would not receive a youthful offender sentence, and having been so advised Defendant entered his plea. Accordingly, Defendant’s claim that his plea was involuntary is conclusively refuted, because after being informed by the Court that he would not be sentenced as a youthful offender, Defendant still chose to enter his plea.
 

 
 *1115
 
 The transcript of the sentencing hearing, however, does not support this conclusion. It is clear from the transcript that Agent entered his plea before he was made aware that he would receive a ten-year sentence. Because Agent’s claim is not conclusively refuted by the postconvietion court’s record attachments, we must reverse the summary denial of his rule 3.850 motion.
 

 However, our review of the record also indicates that Agent’s rule 3.850 motion was facially insufficient because it does not include an affirmative request to withdraw the plea, nor does Agent allege that he would not have entered his plea absent counsel’s promise that he would receive a youthful offender sentence.
 
 See Warner v. State,
 
 916 So.2d 879, 881 (Fla. 2d DCA 2005) (“In his postconviction motion, he failed to request that his plea ... be vacated or to allege that he would not have agreed to the plea ... had he known about the double jeopardy violation. This omission renders his claims facially insufficient.”). Accordingly, the postconviction court should have stricken Agent’s facially insufficient claim but, pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), given him at least one opportunity to amend the motion.
 

 We therefore reverse the summary denial of Agent’s rule 3.850 motion and remand the case to the postconviction court with instructions to strike the claim with leave to amend within a specific reasonable period of time as set forth in
 
 Spera. See Howard v. State,
 
 17 So.3d 774 (Fla. 2d DCA 2009).
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and FULMER, J., Concur.
 

 [1]
 

 . Agent did not take a direct appeal of his conviction and sentence.