NORTHCUTT, Judge.
After pleading no contest to criminal charges, James Wigfals was sentenced to twenty-seven months’ imprisonment as a habitual offender. Wigfals timely moved to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850, contending that he had been improperly sentenced as a habitual offender. The postconviction court summarily denied his motion. We reverse and remand for further proceedings.
Wigfals’s motion maintained that his habitual offender sentence was improper under Ashley v. State, 614 So.2d 486 (Fla.1993), and its progeny because the State had not notified him of its intent to seek habitual offender sentencing and because the sentencing court had accepted Wig-fals’s plea without determining that he was personally aware of the consequences of habitualization. The posteonvietion court denied the motion on the merits, attaching to its order copies of the State’s notice that it intended to seek habitualization and of Wigfals’s plea agreement.
 The attached notice conclusively refuted Wigfals’s assertion that the State had not notified him that it was seeking an enhanced sentence. But the postconviction court did not attach any documents that refuted Wigfals’s second assertion, that when accepting Wigfals’s plea the sentencing court had not ensured that he understood the consequences of a habitual offender sentence. If anything, the plea agreement attached to the postconviction court’s order lent some credence to Wig-fals’s allegation. It reflected Wigfals’s understanding that “my sentence will be imposed within the sentencing guidelines.” A habitual offender sentence is not a guidelines sentence. See § 775.084(4)(h), Fla. Stat. (2006); cf. State v. Matthews, 891 So.2d 479, 489-91 (Fla.2004) (discussing the differences between guidelines and habitual sentences). Accordingly, because the documents attached to the postconviction court’s order did not conclusively establish that Wigfals was not entitled to relief, we must reverse and remand for further proceedings. See Fla. R.App. P. 9.141(b)(2)(D).
Another issue must be addressed before the postconviction court revisits this matter on remand: Wigfals’s motion was facially insufficient because he did not describe how he was prejudiced by the alleged Ashley violation. See Newsome v. State, 704 So.2d 213, 214 (Fla. 2d DCA 1998) (holding that an allegation of prejudice is essential when seeking postconviction relief based on an Ashley error; the defendant must allege that he would not have entered the plea if he had understood the consequences of habitualization). Therefore, the postconviction court should not have reached the merits of Wigfals’s claim, but instead should have stricken the motion and given Wigfals an opportunity to amend it. See Agent v. State, 19 So.3d 1114, 1115 (Fla. 2d DCA 2009) (citing Spera v. State, 971 So.2d 754 (Fla.2007)).
To summarize, we reverse and remand for further proceedings. On remand, the postconviction court must first allow Wig-fals an opportunity to amend his pleading to allege a facially sufficient claim. If he does so, the postconviction court either may grant an evidentiary hearing on the claim or, if the record shows conclusively that Wigfals is entitled to no relief, may again summarily deny the claim and attach the documents that support the denial.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.