PER CURIAM.
 

 The pro se appellant, James Owens, challenges the post-conviction court’s order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Owens claims entitlement to credit for all of the time he spent in prison in two separate cases, after violating his probation in one of the cases. We affirm, but for reasons other than those given in the State’s response below, which was adopted by the trial court as the basis for denial.
 

 On February 28, 2000, in case 99-016992CF10A (case 1), Owens entered a guilty plea to possession of cocaine and resisting/obstructing without violence. On February 29, 2000, in case 99-023041CF10A (case 2), Owens entered a guilty plea to delivery of cocaine. Owens was sentenced in both cases on the latter date. In case 1, the trial court sentenced Owens to five years in prison with 119 days of credit for time served. In case 2, Owens was sentenced to two years in prison with 60 days of credit, followed by five years of probation, “consecutive” to case 1. The sentencing order in case 2 states that the “Total Sentence” is “7 yrs FSP followed by 5 yrs PROB”.
 

 After Owens served his prison sentences in both cases, he violated his probation. On May 25, 2007, the court revoked Owens’ probation in a final violation of probation hearing and sentenced him to 120 months in prison with 158 days of credit for time served, plus credit for all time previously served in prison in case 2.
 

 In October of 2008, Owens filed his motion to correct illegal sentence, arguing that because his two cases were disposed of at the same proceeding and with the same scoresheet, he is entitled to credit for the time served in prison in both cases, upon resentencing for violation of probation in case 2. The trial court denied the motion based on the reasoning set forth in the State’s Response.
 

 The cases cited by the State below, however,
 
 White v. State,
 
 940 So.2d 1165 (Fla. 2d DCA 2006), and
 
 Hawks v. State,
 
 885 So.2d 1020, 1022 (Fla. 5th DCA 2004), are distinguishable. In
 
 Hawks,
 
 the defendant was convicted and sentenced in two sepa
 
 *374
 
 rate cases, to resisting an officer with violence (case 1) and to possession of more than twenty grams of cannabis (case 2). 885 So.2d at 1021. He was sentenced to concurrent terms of one year in jail and was given credit for 26 days time served.
 
 Id.
 
 On appeal, he argued entitlement to additional credit for the time he spent in jail on an unrelated murder charge.
 
 Id.
 
 In concluding that Hawks was not entitled to this additional jail time credit, the court noted: “Generally a defendant is only entitled to credit against each sentence for the time spent in jail
 
 for the charge which led to that sentence.” Id.
 
 at 1022. Applying the same principle, the
 
 White
 
 court held that the defendant in that case was entitled to credit against each sentence he received for time spent in jail on the charge leading to the sentence. 940 So.2d at 1165. The instant ease does not concern such an application of jail credit.
 

 On appeal, Owens cites to
 
 Tripp v. State,
 
 622 So.2d 941 (Fla.1993), for the proposition that if a trial court imposes a term of probation on one offense, consecutive to a sentence of incarceration on another offense, credit for time served on first offense must be awarded on the sentence imposed after revocation of probation on the second offense. Indeed,
 
 Tripp
 
 holds that when separate offenses are sentenced together on the same scoresheet, they “must continue to be treated in relation to each other, even after a portion of the sentence has been violated.”
 
 Id.
 
 at 942.
 

 As the State advised in its response to this court, however, “[i]t
 
 appears
 
 the crimes in question were committed in 1999 as the cases were filed that year. Appellant has not alleged otherwise.” (emphasis added.) The State further notes that the Criminal Punishment Code (CPC), which became effective on October 1, 1998,
 
 see
 
 ch. 97-194 §§ 1-2 at 3674, Laws of Fla., repealed the sentencing guidelines.
 
 See Jaimes v. State,
 
 19 So.3d 347, 349 n. 1 (Fla. 2d DCA 2009). In
 
 Moore v. State,
 
 882 So.2d 977 (Fla.2004), the supreme court held that
 
 Tripp
 
 does not apply to the CPC, which is effective for offenses committed on or after October 1, 1998. The court
 

 emphasized that the concerns previously relevant to [its] analysis in deciding
 
 Tripp
 
 and its progeny under the sentencing guidelines, specifically, to avoid the imposition of prison time in excess of that mandated by the sentencing guidelines in circumstances where probation on one or more counts follows prison time on one or more counts, are no longer present in CPC sentencing. Notwithstanding the use of a single score-sheet at the original sentencing proceeding, because the courts are no longer limited to a sentencing range in CPC sentencing and therefore do not treat separate offenses as an interrelated unit at the original sentencing, there is no justification for treating separate offenses as an interrelated unit after revocation of probation. Therefore, unlike sentencing under the guidelines, in the context of CPC sentencing [the supreme court] concluded that
 
 Tripp
 
 credit is not necessary to effectuate the intent of the CPC.
 

 State v. Matthews,
 
 891 So.2d 479, 488 (Fla. 2004) (citing
 
 Moore,
 
 882 So.2d at 985).
 

 As appellant has not alleged that the subject offenses were committed prior to the enactment of the CPC — or refuted the State’s contention that they were committed after the enactment of the CPC — he fails to demonstrate entitlement to relief.
 

 Affirmed.
 

 WARNER, POLEN and STEVENSON, JJ., concur.