PER CURIAM.
 

 Steven Roberts appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Mr. Roberts claimed that he is entitled to an additional twenty-nine days of jail credit in case number 10-CF-02670.
 

 On September 14, 2010, Mr. Roberts was sentenced in case number 10-CF-02670 to concurrent terms of thirty months’ imprisonment and twenty-four months’ probation and awarded 222 days of jail credit. Mr. Roberts subsequently filed this motion pursuant to rule 3.800(a), alleging that he should have been awarded a total of 251 days of jail credit. In its order, the postconviction court noted that Mr. Roberts is entitled to credit against each sentence only for the time actually spent in jail on the charge leading to that sentence.
 
 See White v. State,
 
 940 So.2d 1165, 1165 (Fla. 2d DCA 2006);
 
 Keene v. State,
 
 500 So.2d 592, 593 (Fla. 2d DCA
 
 *1286
 
 1986). Relying on records indicating that Mr. Roberts was charged in case number 10-CF-02670 on February 5, 2010, the postconviction court held that Mr. Roberts had received the proper amount of jail credit.
 

 In his brief, Mr. Roberts challenges this finding by claiming that the postconviction judge, who was also the sentencing judge, misinterpreted the records. In support of this argument, Mr. Roberts points out that the record indicates that he was taken into custody on January 7, 2010, and remained there until sentencing. Furthermore, he claims that this arrest was for offenses that were later enhanced or amended to create case number 10-CF-02670. Therefore, even if he was not officially charged in that case until February 5, 2010, he was taken into custody on the underlying offenses nearly a month earlier. Mr. Roberts correctly argues that custody of a defendant should be considered from the date of his initial arrest.
 
 See Bronk v. State,
 
 25 So.3d 701, 708 (Fla. 2d DCA 2010). Finally, the Pinellas County Sheriffs Office report supports Mr. Roberts’ assertions. The report lists a total of thirteen charges brought against Mr. Roberts on January 7, 2010, including charge four, which was incorporated into case number 10-CF-02670.
 

 Due to the contradictory nature of the records in this case, we reverse and remand for the postconviction court to either attach portions of the record conclusively refuting Mr. Roberts’ claims or grant Mr. Roberts an additional twenty-nine days of jail credit in case number 10-CF-02670.
 

 Reversed and remanded.
 

 WHATLEY, LaROSE, and CRENSHAW, JJ., Concur.