KHOUZAM, Judge.
Steven Milligan appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the post-conviction court’s initial award of credit in case numbers 05-CF-9396, 05-CF-020250, and 07-CF-015242. However, we reverse the postconviction court’s denial of additional credit in case number 05-CF-020250 for the time Milligan spent in jail between July 25, 2007, and October 16, 2007.
While serving concurrent terms of probation in 05-CF-020250 and 05-CF-9396, Milligan was arrested on July 25, 2007, and charged with burglary of a conveyance. The burglary served as the basis for the revocation of probation in both cases. Accordingly, Milligan was arrested for violating his probation in 05-CF-9396 on July 25, 2007. However, he was not arrested for violating his probation in 05-CF-020250 until October 16, 2007, when he *1032 pleaded guilty to violating his probation in both cases. As a result, he was only given credit for the time he spent in jail between July 25, 2007, and October 16, 2007, in case number 05-CF-9396. He now claims that he is also entitled to the same amount of jail credit in case number 05-CF-020250. In a response filed in this court, the State has conceded that Milligan should be awarded the additional credit.
Because the record demonstrates that Milligan was in custody for violating probation in both cases, he is entitled to credit in both cases for the time he spent in jail between July 25, 2007, and October 16, 2007. See Gonzalez v. State, 17 So.3d 1277, 1278 (Fla. 2d DCA 2009); Tinker v. State, 870 So.2d 79, 80 (Fla. 2d DCA 2003). Accordingly, we reverse the postconviction court’s denial of Milligan’s motion and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
WHATLEY and LaROSE, JJ„ Concur.