DAVIS, Chief Judge.
Bernard Daniel Duffy appeals the post-conviction court’s order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he sought additional jail credit on the sentence he received in circuit court case number 09-2896. We reverse.
In November 2009, the trial court placed Duffy on two years’ community control in case number 07-3184 followed by fifteen years’ probation in case number 08-6562 to *475 be served concurrently with the ten-year probationary term he received in case number 09-2896. On April 11, 2011, Duffy was arrested for violating probation in case numbers 07-3184 and 08-6562.[1] However, an arrest warrant for case number 09-2896 was not issued until December 2011, and Duffy was apparently not formally arrested until January 4, 2012. As a result, when the trial court revoked Duffy’s probation and sentenced him in the three cases to concurrent terms of two years’ imprisonment on January 5, 2012, it gave him jail credit in case numbers 07-3184 and 08-6562 from April 11, 2011, but it gave him only three days’ jail credit in case number 09-2896. In his rule 3.800(a) motion, Duffy argued that because he violated probation in all three cases, he also was entitled to jail credit in case number 09-2896 from April 11, 2011, to January 5, 2012.
We ordered the State to respond to Duffy’s argument in light of Milligan v. State, 88 So.3d 1031, 1032 (Fla. 2d DCA 2012), in which this court concluded that although Milligan was not arrested for violating probation in one of the two cases in which he was serving concurrent terms of probation, because the record demonstrated that he was in custody in both cases, he was entitled to jail credit in both cases. The State concedes that under Milligan, Duffy is entitled to jail credit in case number 09-2896 from April 11, 2011, through January 5, 2012.[2] Accordingly, we reverse and remand for further proceedings consistent with this opinion. Because it appears that Duffy’s release would be imminent if he were given the ádditional jail credit, the postconviction court should expedite the proceedings on remand and enter an order within fifteen days from the date of the issuance of the mandate in this proceeding.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.

. See Stafford v. State, 455 So.2d 385, 386 (Fla.1984) ("[T]he power to revoke probation is an inherent power of the trial court, which may be exercised at [any time] upon the court determining that the probationer has violated the law. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation” (citations omitted) (quoting Martin v. State, 243 So.2d 189, 190-91 (Fla. 4th DCA 1971))).

. We note that Milligan is the latest in a line of cases from this court reversing and remanding for the award of jail credit under similar circumstances. See Gonzalez v. State, 17 So.3d 1277, 1278 (Fla. 2d DCA 2009) (holding that although criminal report affidavit stated that Gonzalez was arrested in only one case, because an affidavit of violation of community control was filed in all four cases and community control was revoked in all four cases, Gonzalez was entitled to jail credit in all four cases); Tinker v. State, 870 So.2d 79, 80 (Fla. 2d DCA 2003) (holding that because affidavit of violation of probation was issued in both cases for which Tinker was serving probation, absence of one case number from arrest warrant was clerical error and Tinker was entitled to jail credit in both cases); see also Seay v. State, 928 So.2d 479, 480 (Fla. 2d DCA 2006) (holding that despite scrivener’s error Seay was entitled to jail credit in both cases in which he was placed on probation).