ORFINGER, J.
Thomas Hagley appeals his sentences, as amended, for violating probation (“VOP”) in four separate felony cases. In each of the cases, Hagley’s probation was *679 revoked based on a new law violation. The trial judge’s oral pronouncement of sentence was “eighteen months Department of [CJorrections, concurrent with each other, less credit for time served, but consecutive to any sentence he is currently serving.” The written sentencing orders, entered later the same day, awarded Hag-ley almost 500 days of jail credit in each ease. Believing the amount was overstated, the State filed a “Motion to Clarify Sentence,” arguing that the trial court’s written orders contained scrivener’s errors regarding the amount of jail credit. The court ultimately agreed, and reduced Hag-ley’s jail credit in each of the cases to zero. Hagley asserts this modification of his sentences violated his double jeopardy rights. While we disagree with Hagley’s double jeopardy argument, we reverse the sentences because Hagley is entitled to a determination of the correct amount of jail credit earned on each case.
Generally, a court’s pronouncement of a sentence becomes final when the sentencing hearing ends. E.g., Troupe v. Rowe, 283 So.2d 857, 858 (Fla.1973); Comtois v. State, 891 So.2d 1130, 1131 (Fla. 5th DCA 2005). “Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.” Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003); see Dunbar v. State, 89 So.3d 901, 905 (Fla.2012) (reiterating that double jeopardy is offended when altered sentence is more onerous and “disrupts the defendant’s legitimate expee-tations of finality”). However, that does not mean that once a sentence is orally pronounced, mistakes in the resulting sentencing order cannot be corrected. Florida has long recognized a court’s inherent power to correct clerical errors such as calculation of jail credit. When sentencing documents erroneously over-report the amount of jail time actually served by a defendant prior to sentencing, and the error is apparent on the face of the record, this Court has held that there is no double jeopardy violation if the court simply corrects the jail credit award to accurately reflect the amount of time served. Gallinat v. State, 941 So.2d 1237, 1238 (Fla. 5th DCA 2006).[1]
Here, the oral pronouncement was simply that Hagley would receive jail credit; it mentioned no specific amount. Therefore, the court was allowed to correct the jail time credit if the amount of credit reflected in the initial sentencing orders was erroneous. However, instead of recalculating credit, the trial court stripped Hagley of all jail credit in his VOP cases, contradicting the oral pronouncement. This was error. Hagley is entitled to the correct amount of credit in each case.[2] Ransone v. State, 48 So.3d 692, 694 (Fla.2010); Daniels v. State, 491 So.2d 543, 545 (Fla.1986); see § 921.161(1), Fla. Stat. (2011) (providing “the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence” and that “credit must be for a specified period of time and shall be provided for in the sen *680 tence”). Unfortunately, the record does not reveal how much credit Hagley is entitled to receive in his VOP cases. On remand, a hearing will be necessary to determine the correct amount.
Further, as the State concedes, the trial court must also correct the order revoking Hagley’s probation. The trial court found that Hagley violated the condition of his probation relating to new law violations and dismissed all violations of other conditions. The amended orders revoking probation all provide that the court found violations of Conditions 2, refraining from new law violations, and 5, requiring that the defendant make certain payments. However, Condition 5 was dismissed, and thus should be stricken from the amended orders revoking probation. In case number 05-2008-CF-062834-A, the condition requiring that Hagley refrain from committing new law violations was Condition 1, not 2. Hence, the amended order revoking probation in that case should reflect that the court found a violation of Condition 1, not Condition 2.
In conclusion, we reverse the amended sentences revoking Hagley’s jail-time credit and remand for a hearing to determine the correct amount of credit he earned in each of the four separate cases. In addition, the amended orders revoking probation shall be corrected.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.

. Florida Rule of Criminal Procedure 3.801, effective July 1, 2013, now governs motions for correcting jail credit.

. For example, if Hagley was arrested or released for different offenses on different dates, he would not be entitled to have his jail time credit applied equally to each concurrent sentence. Stevens v. State, 651 So.2d 1298, 1299 (Fla. 5th DCA 1995) (holding defendant was not entitled to same credit for all four cases where he was arrested at different times for different cases). "Generally a defendant is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.” Hawks v. State, 885 So.2d 1020, 1022 (Fla. 5th DCA 2004).