DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KRISTINA LAWHON-GRIFFIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-469

[December 2, 2015]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Jr., Judge; L.T. Case Nos. 2005CF000707 and 2004CF000661.

Kristina Lawhon-Griffis, Ocala, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals three orders: (1) denying her motion to correct her sentence in 2004-CF-661; (2) denying her motion to correct her sentence in 2005-CF-707 and *sua sponte* amending the sentence as to time served for Counts 15-21; and (3) denying her motion to clarify sentence in both cases.[1]

The defendant entered an open plea in case numbers 2004-CF-661 and 2005-CF-707, and was sentenced. She did not appeal her convictions or sentences.

She first filed a rule 3.850 motion, which the trial court summarily

---

[1] Because Florida Rule of Appellate Procedure 9.141(b) requires the clerk to send a limited record in appeals of post-conviction proceedings, we do not always receive the original sentencing documents to review. This is one of those cases. Had we received the sentencing documents, we might have been able to resolve this dispute without sending the case back to the trial court for further action.

denied; we affirmed. *Lawhon-Griffis v. State*, 4 So. 3d 769, 770 (Fla. 4th DCA 2009). She then filed a *pro se* motion to correct sentence in each case, and subsequently filed a motion to clarify sentence, which resulted in the three orders now on appeal.

In the first motion to correct sentence in the 2004 case, the defendant alleged she was convicted of multiple counts of grand theft/uttering a forged instrument after she pled to the charges in 2006. She was sentenced to a split sentence of three years in prison followed by five years of probation. She later pled guilty to a violation of probation ("VOP") and was resentenced to four years in prison. She was awarded 109 days of jail credit, but was not given credit for prison time served. She alleged she did not waive credit for prison time served on the original sentence.

The trial court summarily denied the motion, quoting the sentencing court as stating that the "Department of Corrections shall apply original jail credit and shall compute and apply credit for time served only pursuant to Section 921.0012, Florida Statutes (2001)." The court concluded the defendant had been awarded all the credit she sought, but did not attach any portions of the record in support of this conclusion.

In the motion to correct sentence in the 2005 case, the defendant alleged she was convicted of multiple counts of grand theft, uttering a forged instrument and forgery/uttering after she entered her plea in 2006. The court sentenced her to five years in prison, followed by five years of probation. She alleged she completed the prison sentence and was released on probation. In 2014, she pled guilty to a VOP and was sentenced to four years in prison with 109 days of jail credit, but no credit for the prison time served. She sought credit for the prison time served.[2]

The trial court summarily denied the motion, noting that the VOP sentences were for probation only. Any counts for which she was originally sentenced to prison had been completed. On Counts 15-21, she was sentenced to probation for forty-eight months with credit for three days

---

[2] The defendant relied on *Tripp v. State*, 622 So. 2d 941 (Fla. 1993), in support of her claim for credit. The "*Tripp* rule" applies where a defendant is sentenced under the sentencing guidelines to a term of prison for one offense, followed by a term of probation on another offense. *Id.* at 942–43. The defendant did not allege that this occurred in her case. And, the "*Tripp* rule" does not apply to sentences imposed under the Criminal Punishment Code. *Owens v. State*, 41 So. 3d 372, 374 (Fla. 4th DCA 2010) (citing *Moore* v. *State,* 882 So. 2d 977 (Fla. 2004)). *Tripp* is inapplicable.

served prior to the violation hearing. There was no prior prison time served for purposes of her request for credit on those counts.

The court noted, however, that the written sentence for Counts 15-21 contained a scrivener's error because it provided for 109 days of time served when only nine days had been orally pronounced. The trial court ordered the clerk to prepare an amended sentence for those counts. The trial court did not attach any portion of the record in support.

In her January 2015 motion to clarify sentence, the defendant alleged she was convicted and sentenced at a 2014 VOP sentencing hearing in the 2004 and 2005 cases. She alleged her probationary term in the 2004 case was terminated or revoked with "no new sanction" and that she was sentenced to four years in prison only in the 2005 case. She further alleged that transcripts from the VOP sentencing hearing demonstrated she was not sentenced to a new prison term in the 2004 case.

The trial court denied this motion, finding that "[t]here is no basis in fact. The Court reviewed the oral pronouncement on the sentence in 2004-CF-661 and it is correct." Once again, however, the trial court did not attach portions of the record to the order.

The defendant has appealed all three orders. On the denial of the first motion in the 2004 case, the State responds that the trial court order directed the Department of Corrections to apply original jail credit and credit for time served, pursuant to section 921.0012, Florida Statutes. However, that provision does not address the defendant's claim to credit for prison time served prior to the VOP.

The State acknowledges that the record in the 2004 case fails to conclusively refute the defendant's allegations. We therefore reverse and remand the case to the trial court for attachment of portions of the record that refute her claim. *Fenelon v. State*, 932 So. 2d 431, 431 (Fla. 4th DCA 2006).

We affirm the denial of the defendant's claim for *Tripp* credit made in the second motion in the 2005 case for the reasons discussed above. However, the defendant also made a claim for prison credit after the VOP in the 2005 case. We affirm the summary denial of this motion without prejudice to the defendant filing an amended motion in good faith, identifying the counts on which her claim for prison credit is based, and providing record support for her claim. *Woody v. State*, 993 So. 2d 1158, 1159 (Fla. 4th DCA 2008). The trial court can then consider whether the defendant is entitled to credit on the sentence imposed after the VOP,

including whether she received a consecutive term of probation which could preclude additional credit.

Concerning the defendant's 2015 motion to clarify, the State argues that the defendant should have attached a copy of the transcript, but failed to do so. It suggests that we affirm without prejudice to allow the defendant to file a motion which demonstrates entitlement to relief on the face of the record. However, the motion sufficiently alleged a discrepancy between the oral and written sentence imposed in the 2004 case. The trial court summarily denied the motion based on its review of the oral pronouncement at sentencing, but did not attach the transcript. We must therefore reverse and remand the case for attachment of the portions of the record that support the trial court's summary denial of this motion. *Williams v. State*, 957 So. 2d 600, 604–05 (Fla. 2007).

We therefore affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

WARNER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***