[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12957
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cv-00831-PGB-KRS

TAYLOR GLENN WELLS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 26, 2019)

Before WILSON, WILLIAM PRYOR and HULL, Circuit Judges.

PER CURIAM:

Taylor Wells, a Florida prisoner, appeals the *sua sponte* dismissal of his second petition for a writ of habeas corpus. 28 U.S.C. §§ 2254, 2244(b)(2). Wells filed his second petition after obtaining from a Florida court an amended judgment crediting him for additional time that he had spent in jail awaiting trial. *See* Fla. R. Crim. P. 3.801. The district court dismissed Wells's petition for lack of jurisdiction because he failed to obtain leave to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). We affirm.

In 1994, a Florida jury found Wells guilty of first-degree murder, armed burglary, two counts of armed robbery, conspiracy, and attempted armed robbery, and the trial court sentenced him to imprisonment for life and credited him for 416 days that he had served in the Brevard County Jail. Wells appealed and, in 1995, a Florida appellate court affirmed his convictions and sentence. *Wells v. State*, 658 So. 2d 1005 (Fla. Dist. Ct. App. 1995). In 2000, Wells filed a federal petition for a writ of habeas corpus, 28 U.S.C. § 2254, which the district court dismissed as untimely, *id.* § 2244(d). We affirmed summarily. *Wells v. Moore*, 254 F.3d 1084 (11th Cir. 2001).

In 2017, Wells moved the state trial court to amend its judgment to credit him for 57 additional days that he served in jail before sentencing. *See* Fla. R. Crim. P. 3.801 ("A court may correct a final sentence that fails to allow a defendant credit for all of the time he . . . spent in the county jail before sentencing . . . .").

2

The trial court granted Wells's motion and ordered the clerk of court to "amend the Judgment and Sentence to reflect that [Wells was] entitled to a total of 473 days jail credit." The amended judgment listed Wells's original convictions and sentence and stated his sentence was "amended as to additional credit for [473 days of] time serve[d]." On the signature lines of the amended judgment, the trial judge wrote, "*nunc pro tunc* 8-16-1994."

On May 28, 2018, Wells filed his second federal petition for a writ of habeas corpus. Wells argued that his sentence to life imprisonment constituted cruel and unusual punishment in violation of the Eighth Amendment; that his convictions were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966); that insufficient evidence supported his convictions; that trial counsel was ineffective; and that his codefendants had supplied newly-discovered evidence of his innocence. The district court dismissed Wells's petition as successive without requesting a response from the state. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(A). Wells moved to alter or amend the judgment, Fed. R. Crim. P. 52(b), 59(e), but the district court denied the motion.

"We review *de novo* whether a petition for a writ of habeas corpus is second or successive." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc). To determine whether a petition is successive, we examine the "*judgment* challenged." *Id.* at 1325 (quoting *Insignares v. Sec'y, Fla. Dep't of*

3

*Corr.*, 755 F.3d 1273, 1277 (11th Cir. 2014)). "The judgment that matters for purposes of section 2244 is 'the judgment authorizing the prisoner's confinement.'" *Id.* (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). To be entitled to another round of federal habeas corpus review, the prisoner must have obtained "a new judgment intervening between [his] two habeas petitions." *Magwood*, 561 U.S. at 339 (discussing *Burton v. Stewart*, 549 U.S. 147 (2007)).

The district court correctly interpreted the order granting Wells's motion and the ensuing amended judgment as a correction of a clerical error rather than as a "new judgment." To be a "new judgment," an amended judgment has to be "the judgment 'pursuant to' which the prisoner is 'in custody.'" *Patterson*, 849 F.3d at 1326 (quoting 28 U.S.C. § 2254). It follows that "not all changes to a sentence create a new judgment," such as when "a court corrects a clerical mistake . . . ." *Id.* (citing *United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004)). A mistake is clerical when the error is "minor and mechanical in nature" or when, as provided in Federal Rule of Criminal Procedure 36, there is an "error in the record arising from oversight or omission." *Portillo*, 363 F.3d at 1165. The order of the Florida court and its amended judgment that awarded Wells "additional credit" for "a total of 473 days jail credit" corrected a clerical error in Wells's sentence. *See Hagley v. State*, 140 So. 3d 678, 679 (Fla. Dist. Ct. App. 2014) ("Florida has long recognized a court's inherent power to correct clerical errors such as calculation of jail

4

credit."); *Luke v. State*, 672 So. 2d 654, 655 (Fla. Dist. Ct. App. 1996) ("[T]he court's recitation of the number of days' credit for time served is merely a ministerial act . . . ."); *Simari v. State*, 309 So. 2d 183, 184 (Fla. Dist. Ct. App. 1975) (classifying a judgment used to revise the amount of jail credit as "corrective in nature"). And the state court entered its amended judgment *nunc pro tunc*, which meant that the judgment "function[ed] . . . to correct the record to reflect a prior ruling made in fact but defectively recorded," *De Baun v. Michael*, 333 So. 2d 106, 108 (Fla. Dist. Ct. App. 1976). In other words, the amended judgment corrected the record to reflect the intent of the trial court at Wells's sentencing to credit him for every day he had served in jail awaiting sentencing. The amended judgment was not a new judgment because it was not the "judgment that authorize[d] [Wells's] custody." *See Patterson*, 849 F.3d at 1326.

The district court correctly dismissed Wells's second petition as successive under section 2244(b). Section 2244(b) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 . . . shall be dismissed," 28 U.S.C. § 2244(b)(2). Wells cannot avoid the prohibition against successive petitions because there was no "new judgment intervening between [his] two habeas petitions" to entitle him to a second round of federal habeas corpus review. *See Magwood*, 561 U.S. at 339. The amended judgment that the Florida court entered "imposes no sentence and gives the Department no

5

authority," to imprison Wells. *Patterson*, 849 F.3d at 1326. The "judgment that authorizes [Wells's] confinement," which is "[t]he judgment that matters for purposes of section 2244," is "the sentence entered in [1994]" that "'committed [him] to the custody of the Department of Corrections." *Id.* at 1325. That 1994 "judgment remains the only order that commands the Secretary to imprison [Wells]." *Id.* at 1327. Wells's second petition, which collaterally attacks his 1994 convictions and sentence, is a successive petition. Because Wells "neither sought nor received authorization from the Court of Appeals before filing . . . [his] 'second or successive' petition challenging his custody, . . . the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 157.

Wells likens his amended judgment to the new judgment the prisoner received in *Insignares*, but that precedent is distinguishable. The prisoner in *Insignares* filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800 and succeeded in having his sentence for attempted murder reduced from 20 years to 10 years, which resulted in the state court entering a "corrected sentence and new judgment." 755 F.3d at 1277. In contrast, Wells's success in having his jail credit corrected under Rule 3.801 did not create a new judgment. Wells did not receive "a new prison sentence . . . [that] replace[d] [his 1994] sentence," *Patterson*, 849 F.3d at 1326–27, like the prisoner in

6

*Insignares*, 755 F.3d at 1277, and in *Magwood*, 561 U.S. at 323–24, 338–39, to entitle him to another round of federal habeas corpus review.

We **AFFIRM** the dismissal of Wells's petition.